[May v. The State.]

# May *v.* The State.

*Indictment for removing or selling Property upon which there was a Lien.*

1. *Proof of venue; failure to do so, authorizes general charge for the defendant.*—In a criminal case where there is no evidence of the venue of the offense charged, the defendant is entitled to the general affirmative charge in his behalf.

2. *Removing certain property upon which there is a lien; presumption of intent to defraud; general affirmative charge.*—On a trial under an indictment charging that the defendant removed or sold personal property for the purpose of hindering, delaying or defrauding a designated person who had a claim or lien thereon, with the knowledge of the existence of such claim or lien (Cr. Code of 1886, § 3835), the defendant is not entitled to the general affirmative charge in his behalf, by reason of the fact that there was no evidence in the case tending to show or authorizing an inference that he removed the property for the purpose of hindering, delaying or defrauding the designated person who had a claim or lien thereon ; since the fact of the removal by the defendant, with knowledge of the existence of the claim or lien, raises a presumption of an intent to defraud ; and whether the other evidence in the case is sufficient to rebut this presumption is a question for the jury.

3. *Same; mortgagee is a person having a lien or claim; admissibility of mortgage.*—A mortagee is a person having a lien or claim to the property embraced in his mortgage, within the meaning of section 3835 of the Criminal Code of 1886, making it a crime to remove or sell personal property for the purpose of hindering, delaying or defrauding any person who has a valid claim thereto, with a knowledge of the existence of such claim ; and on a trial under an indictment charging such offense, a mortgage in which was embraced the property alleged to have been removed or sold, and upon which was rested the claim or lien alleged to have been interfered with, is admissible in evidence.

4. *Same; ratification of removal constitutes no defense.*—Where a person has removed or sold personal property for the purpose of hindering, delaying or defrauding any person who has a claim or lien thereon, with a knowledge of the existence of such claim or lien, as is prohibited and made criminal by section 3835 of the Criminal Code of 1886, the mere fact that the person having the claim or lien on the property removed or sold ratifies the act of selling or removing, does not purge the act of criminality, and constitutes no defense.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. WILLIAM L. PARKS, Special Judge.

The appellant was tried and convicted under an indictment charging that he, with the purpose of hindering, delaying or defrauding Mary E. Motes, who had a lawful and valid claim thereto under a written instrument, lien, &c., did sell or remove personal property consisting of a mule.

P. A. Motes, the husband of Mary E. Motes, testified that in the year 1894, the defendant, through him, as the agent of his wife, executed to Mary E. Motes a mortgage upon a certain mule, together with other property, to secure a certain indebtedness named in the mortgage; and that in the month of March, 1895, the defendant traded said mule off.

The State offered this mortgage, executed by the defendant to Mary E. Motes, in evidence. It was executed on January 29, 1894, and the law day of the mortgage was October 1st, 1894. The defendant objected to the introduction of this mortgage in evidence, upon the ground that evidence that he sold or removed the property to which the party claiming to have been defrauded had a legal title, is not admissible; the law day of the mortgage having passed, and vesting an absolute title in the mortgagee.

The mortgagee as a witness testified that she did not consent for the defendant to trade the mule off; that she did have a conversation with him about the time the mule was traded, but it was two or three days after the trade was made; and that her recollection was that she told the defendant that all she wanted was her money when it fell due.

The defendant, as a witness in his own behalf, testified that after the execution of the mortgage he traded the mule conveyed therein for a horse with the permission and consent of Mary E. Motes, the mortgagee, and after the trade was made, her husband took the horse, which was traded for the mule, and sold it at the foreclosure sale of the mortgage.

The court in its general charge to the jury, instructed them, among other things, as follows: "If you believe from the evidence beyond a reasonable doubt, that the defendant, within three years before the finding of the

[May v. The State.]

indictment in this case, traded off or sold the mule described in the indictment, and that he had given M. E. Motes a written mortgage on said mule, and that said mortgage had not been satisfied or paid, and that said trade or sale, at the time it was made, was made for the purpose of hindering, delaying or defrauding said M. E. Motes, then in that event, the State has made out a *prima facie* case; and the burden of proof is on the defendant to show that said M. E. Motes consented to or authorized said trade or sale to be made."

The court, in its general charge to the jury, also instructed them, among other things, as follows: "If you believe from the evidence beyond a reasonable doubt, that the defendant, within three years before the finding of the indictment in this case, with intent to hinder, delay or defraud M. E. Motes, traded off or sold the mule described in the indictment, and that he had given said M. E. Motes a mortgage thereon, which had not been paid or satisfied, the defendant can not escape criminal liability by reason of the fact that the mortgagee afterwards ratified the trade or sale, and accepted the benefits of it." To the giving of this charge by the court, the defendant duly reserved an exception; and also separately excepted to the court's refusal to give the following charge requested by him: · "If the jury believe the evidence, they should find the defendant not guilty."

E. R. BRANNEN, for appellant.—There was error in the court's overruling the defendant's objection to the introduction of the mortgage in evidence. The law day of the mortgage having passed, absolute title to the property embraced therein vested in the mortgagee·; and proof of the disposition of property by the defendant to which the party claiming to have been defrauded had the legal title, can not sustain a conviction for disposing of property upon which such party had a lien or claim, and was, therefore, inadmissible.—*Ellerson v. State,* 69 Ala. 1 ; *Smith v. State;* 84 Ala. 438.

2. The State failed to prove the venue, hence the general charge requested by the defendant should have been given.—*Clark v. State,* 46 Ala. 307 ; *Childs v. State,* 55 Ala. 28.

[May v. The State.]

WILLIAM C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—The general charge requested by the defendant should have been given for the reason that no evidence of the venue was adduced.

This instruction was probably requested on the theory that there was no evidence in the case tending to show, or authorizing the inference, that the defendant removed the property for the purpose of hindering, delaying or defrauding any person having a claim thereto. It cannot be supported on that theory, when it is considered that the fact of removal with knowledge of the claim itself raises an inclusive presumption of such intent, and whether the other evidence in the case overturned this presumption was a question for the jury. We deem it not out of place, however, to say that the evidence shown in this record in rebuttal of the idea of bad intent on the part of the plaintiff, while not sufficient to take that inquiry from the jury, was yet of a character to strongly challenge the court's discretion in favor of the defendant on a motion for a new trial.

The indictment is drawn under section 3835, not under section 3836. The question whether the party having the claim on the property removed consented to the removal operates only collaterally in the case upon the direct inquiry whether the defendant had the purpose to hinder, delay or defraud. Under section 3836, the consent of a party having a written mortgage, lien or deed of trust to a sale or conveyance of the property is an absolute defense. It would seem that the instructions given by the court to which exceptions were reserved could have apt reference only to a case under the latter section, which this is not.

There was no merit in defendant's objection to the introduction of the mortgage in evidence. A mortgagee is a person having a claim to the property embraced in the mortgage under a written instrument, within the language of section 3835.

The court correctly charged the jury in effect that mere ratification by the person having the claim on the property removed or sold of the act of selling or removing could not purge the act of criminality.

Reversed and remanded,