(87 South. 219)

McCROSKY v. STATE.    (8 Div. 755.)

(Court of Appeals of Alabama.    June 8, 1920. Rehearing Denied June 22, 1920.)

1. CRIMINAL LAW ☞1092(8)—BILL OF EXCEPTIONS PROPERLY SIGNED, THOUGH DAY OF MONTH LEFT BLANK.

Where judgment of conviction was entered December 16, 1919, and bill of exceptions was presented to the trial judge February 7, 1920, and the bill was duly signed some time during February, 1920, the day of the month being left blank, the bill was properly signed, the presiding judge having had until June 7, 1920, that is, 90 days, in which to sign.

2. CRIMINAL LAW ☞195(1)—DEMURRERS TO PLEAS OF FORMER JEOPARDY SHOWING FORMER TRIAL FOR DIFFERENT OFFENSE PROPERLY SUSTAINED.

Demurrers were properly sustained to pleas of former jeopardy, which showed that the preceding trial in another court was for a different offense from the one charged in the indictment.

3. VAGRANCY ☞1 — PROOF THAT ACCUSED SOLD OR BARTERED LIQUORS OF KIND ENUMERATED NECESSARY.

To sustain a charge of vagrancy under Code 1907, § 7843, subd. 4, it must be shown that accused sold or bartered liquors of the kind and character enumerated; the mere fact of unlawfully having in possession prohibited liquors not constituting the offense of vagrancy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Vagrancy; Vagrant.]

4. CRIMINAL LAW ☞90(2)—JUSTICE CANNOT TRY PERSON FOR UNLAWFULLY HAVING LIQUORS IN POSSESSION.

Under Code 1907, § 6733, a justice of the peace cannot try a person for unlawfully having in his possession prohibited liquors.

<hr />

5. CRIMINAL LAW ⟨☞⟩167—FORMER CONVICTION OR ACQUITTAL MUST HAVE BEEN IN COURT VESTED WITH JURISDICTION.

Conviction or acquittal, to constitute good plea of former jeopardy, must be in a court of competent jurisdiction.

6. INTOXICATING LIQUORS ⟨☞⟩238(2) — EVIDENCE HELD TO SHOW DEFENDANT IN POSSESSION.

In a prosecution for having in possession intoxicating liquors, evidence *held* to show conclusively that the liquor in question belonged to defendant, and that it was in his possession, so that the trial court properly gave the affirmative charge.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Lee McCrosky was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied 204 Ala. 677, 87 South. 221.

Sample & Kilpatrick, of Hartsells, for appellant.

The pleas of former jeopardy were sufficient, and were proven, and hence the defendant was entitled to an acquittal. 9 Tex. App. 338; 3 Metc. (Mass.) 328, 37 Am. Dec. 139; 8 R. C. L. 140, 141; 94 Cal. 304, 29 Pac. 642, 28 Am. St. Rep. 129; 86 Ala. 609, 6 South. 120, 11 Am. St. Rep. 79; 159 Ala. 6, 48 South. 813; 12 Ala. 840, 46 Am. Dec. 283. The inferior court had jurisdiction of the offense of vagrancy. Section 6733, Code 1907. Section 7843, defines a vagrant in subdivision 4 thereof, as any person who barters, sells, or otherwise disposes of prohibited liquor. It follows, then, that the defendant had been formerly convicted. 133 Ala. 188, 32 South. 254; 71 Ala. 307.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court properly sustained demurrers to the pleas. 168 Ala. 27, 53 South. 251. Having in possession prohibited liquors does not constitute vagrancy, as defined in subdivision 4, § 7843, Code 1907, and hence a prosecution for vagrancy is not a bar to this indictment. 69 South. 259; 70 South. 1013.

BRICKEN, P. J. [1] The motion to strike the bill of exceptions, on the ground that it was not signed by the trial judge within the time required by law, is denied. It affirmatively appears that the judgment was entered on December 16, 1919, and that the bill of exceptions was presented to the trial judge on the 7th day of February thereafter, and while the date of signing is left blank, that is, the day of the month is blank, yet the bill was actually signed during the month of February, 1920. The bill having been presented on February 7, 1920, the presiding judge had until June 7, 1920, or, in other words, 90 days, in which to sign it, and as it was duly signed some time during the month of February, 1920, it is clear that there is no merit whatever in the motion made by the Attorney General in this connection.

The defendant was charged by indictment with having in his possession spirituous, vinous, or malt liquors contrary to law. The trial resulted in the conviction of the defendant, and from that judgment, he appeals.

[2] On the trial three special pleas of former jeopardy were interposed. These pleas set up the fact that this defendant had been tried in the inferior court of Hartsells on the charge of vagrancy, which under Code 1907, § 7843, subd. 4, is defined as unlawfully selling or bartering spirituous, vinous, or malt liquors. It is insisted that the court erred in sustaining the demurrers to these pleas.

We are of the opinion, however, that there is no merit in this insistence, and that the demurrers were properly sustained for the reason that the pleas show that the trial in the inferior court of Hartsells was for a different offense from the one charged in the indictment in this case, and upon which he was on trial. Huckabee v. State, 168 Ala. 27, 53 South. 251.

[3] Code 1907, § 7843, subd. 4, provides that "any person trading or bartering stolen property, or who unlawfully sells or barters any spirituous, vinous, or malt, or other intoxicating liquors," is a vagrant. The mere having in possession spirituous, vinous or malt liquors, as will be seen, does not constitute vagrancy. It is clear that in order to sustain a charge of vagrancy under this subdivision of that section, it must be shown by the evidence beyond a reasonable doubt that the accused sold or bartered liquors of the kind and character enumerated therein.

In order to successfully plead former jeopardy, it must be shown that the offense charged in the two prosecutions is the same in law and in fact, for the words "same offense" mean the same identical act and crime. From 12 Cyc. 280, we quote on the same subject as follows:

"Several rules have been laid down by the authorities for determining whether the crimes are identical. One test is to ascertain whether the facts alleged in the second indictment would, if given in evidence, have warranted a conviction on the first, and, if this is the case, then the crimes are assumed to be identical."

As before stated, the fact of unlawfully having in possession prohibited liquors does not constitute the offense of vagrancy, and a conviction under that charge upon these facts would be unauthorized.

[4, 5] Further, the jurisdiction of the inferior court of Hartsells is the same as that of a justice of the peace only, and a justice of the peace cannot try a person for unlawfully having in his possession prohibited liquors. Code 1907, § 6733. A conviction or acquittal, to constitute a good plea of former jeopardy, must be in a court of competent jurisdiction. Walker v. State, 165 Ala. 96, 51 South. 357.

As aptly said by the Attorney General in brief:

"The authorities relied on by the appellant in no way conflict with this contention of the state. All of the authorities cited in the brief of the appellant hold that the state cannot elect to prosecute and try a person for a lower grade and then put him on trial for a higher grade of the same offense. The doctrine is discussed in the case of Moore v. State, 71 Ala. 308.

"It will be noted that in each case where the trial served as a bar to further prosecution, the first trial was for an offense included in a greater offense, for which the defendant was sought to be subsequently prosecuted. Such facts do not exist in the case under consideration. Unlawfully having in possession prohibited liquors is not necessarily included in the charge of an unlawful sale, and an unlawful sale is not included in the unlawful having in possession of such liquors. This was decided in the Johns' Case, 13 Ala. App. 283, 69 South. 259; s. c., 195 Ala. 695, 70 South. 1013.

"The trial of this defendant for possession of prohibited liquors is not a smaller offense which was included in the charge of vagrancy, and therefore is not determined by any of the authorities cited by the appellant."

[6] There was no conflict whatever in the evidence that the liquor in question belonged to defendant, and that it was in defendant's possession, the undisputed evidence of Deputy Sheriff Huckaby being as follows:

"I am deputy sheriff of Morgan county, Ala. On Saturday night, the 18th of October, 1919, I arrested defendant at his father's house in Morgan county, Ala. At the time I arrested him I found several gallons of corn whisky in his room in glass jars or bottles. Defendant, Lee McCrosky, said it was his whisky, and that his father, Tom McCrosky, had nothing to do with it. This whisky was in the possession of the defendant, where he lived at his father's, in Morgan county, Ala."

As before stated, this testimony was not disputed, denied, or contradicted by any other evidence in the case. It follows that the insistence on the part of appellant's counsel that the court erred in giving the affirmative charge is without merit. There was no error in giving this charge.

We are unable to agree with appellant's counsel in their contention that under this evidence "it was open to the jury to say whether or not the liquor found was in the possession of the defendant, or in the possession of defendant's father;" that "the jury might infer from this evidence that the whisky belonged to the father and not the son." The contrary affirmatively appears without conflict.

There is no error in the record, and the judgment is affirmed.

Affirmed.