## HOLCOMB v. STATE. (6 Div. 974.)

(Court of Appeals of Alabama. May 30, 1922. Rehearing Denied Oct. 31, 1922.)

1. **Criminal law 200(1)—Offenses of selling mortgaged property without consent and of removing it to defraud are not identical.**

The offense under Code 1907, § 7423, making it a misdemeanor to sell or convey mortgaged personal property without the consent of the holder of the mortgage, is not identical with that under section 7342, making it a felony to remove or sell personal property with intent to defraud one having a valid claim thereto under a written instrument, since there may be a conviction under the latter section on proof of removal without any proof of sale, and therefore an acquittal under section 7423 does not bar a subsequent prosecution under section 7342, based on the same transaction, especially where the evidence showed a removal, but not a sale.

2. **Criminal law 195(1)—To sustain former jeopardy plea, the two offenses must be the same in law and fact.**

In order to plead former jeopardy successfully, it must be shown that the offense charged in the two prosecutions is the same in law and in fact; it not being sufficient that they are similar.

3. **Chattel mortgages 233—Testimony of neighbor property was not seen is competent to show removal by mortgagor.**

In a prosecution for removing chattels with intent to defraud one having a claim thereto under a written instrument, testimony by a neighbor of accused that the mortgaged mules and wagon were not visible upon the premises of accused is admissible to show a removal of them.

4. **Witnesses 267, 270(1), 329—Cross-examination is within court's discretion even as to irrelevant matters, and questions testing sincerity of witness are proper.**

The court has a wide discretion in a criminal prosecution as to the cross-examination of witnesses, which may extend even to irrelevant and immaterial matters, and may permit on cross-examination questions seeking to test the sincerity of the witness, so that it was not error to permit a witness for accused to be asked if he did not know it to be a fact that defendant had disposed of mortgaged mules and wagon to beat the prosecuting witness.

5. **Chattel mortgages 234—Evidence held to raise jury question as to removal of mortgaged property.**

Conflicting evidence *held* sufficient to take to the jury the question of removal by accused of mortgaged property with intent to defraud the mortgagee.

### On Rehearing.

6. **Criminal law 1124(4)—New trial motion cannot be reviewed without bill of exceptions showing evidence received at hearing thereon.**

Under Acts 1915, p. 722, providing that the evidence taken in support of a motion for new trial shall be included in the bill of exceptions, a motion for a new trial after a conviction for crime cannot be reviewed, where the bill of exceptions does not show whether any evidence was offered on the motion; and the appellate court cannot look to the record proper to ascertain if such requirement has been complied with.

Appeal from Circuit Court, Jefferson County; A. B. Foster, Judge.

F. H. Holcomb was convicted of removing personal property with the purpose of defrauding one who had a lawful claim thereto under a written instrument, and he appeals. Affirmed.

Certiorari denied, 208 Ala. 698, 94 South. 921.

Denson & Ivey, of Birmingham, for appellant.

No person shall for the same offense be again put in jeopardy of life or limb. A single crime cannot be subdivided into two or more indictable offenses. 86 Ala. 604, 6 South. 120, 11 Am. St. Rep. 79; 129 Ala. 101, 29 South. 778. Where one offense involves the essential ingredients of crime involved in the other, although one is denounced as a misdemeanor and the other a felony, the conviction or acquittal of one is a bar to the other. 71 Ala. 307; 134 Ala. 214, 32 South. 637, 92 'Am. St. Rep. 22; 91 Ala. 25, 8 South. 560; 136 Ala. 96, 33 South. 888; 140 Ala. 110, 37 South. 234; 86 Ala. 604, 6 South. 120, 11 Am. St. Rep. 79; 16 Ala. App. 34, 75 South. 179; 200 Ala. 700, 76 South. 998. On motion for a new trial, it is not necessary to introduce on the hearing the substance of the evidence in the case. 150 Ala. 562, 43 South. 840; 206 Ala. 4, 89 South. 291. One cannot be prosecuted for two offense growing out of the same act. 16 Ala. App. 635, 80 South. 730; 12 Ala. 840, 46 Am. Dec. 283; 39 Ala. 234; 60 Ala. 44; 133 Ala. 188, 32 South. 254.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There is no element of the offense denounced by either section 7342 or section 7423 of the Code, which is in common with

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the offense denounced by the other. Demurrers to the plea of former jeopardy were properly sustained. 18 Ala. App. 271, 90 South. 332.

In order for such a plea to be good as against demurrer, it must appear that the offenses are identical or the same. 17 Ala. App. 523, 87 South. 219; 33 Ala. 389; 39 Ala. 229; 71 Ala. 315; 55 Ala. 42; 88 Ala. 182, 7 South. 185; 77 Ala. 60; 40 Ala. 680, 91 Am. Dec. 496; 106 Ala. 178, 17 South. 335. The bill of exceptions contains no statement as to what evidence, if any, was offered in connection with the motion for new trial. The motion is therefore not presented in such form as that it can be reviewed. Acts 1915, p. 722; 16 Ala. App. 545, 79 South. 804; 204 Ala. 311, 85 South. 393.

BRICKEN, P. J. The indictment here was under section 7342 of the Code (1907), and charged the defendant with having sold or removed certain personal property with the purpose to hinder, delay, or defraud P. J. Martin, who had a lawful and valid claim thereto, under a written instrument, having at the time a knowledge of the existence of such claim. As answer to this indictment, the defendant filed a plea of former acquittal, in which it was averred that he had already been put to trial upon an indictment under section 7423 of the Code (1907), charging him with selling or conveying the identical property described in the present indictment, upon which he had given a written mortgage, and which was then unsatisfied, without first obtaining the consent of the lawful holder thereof; and that upon said trial he had been acquitted of said charge by a jury. The plea further averred that the offense charged in this indictment is based upon the same matter and transactions as that for which he was tried and acquitted in the first indictment.

To this plea the state interposed several grounds of demurrer. The court sustained these demurrers, and the defendant insists that reversible error was committed in so doing.

[1] In order to constitute an offense under section 7423 of the Code 1907, one must "sell" or "convey" personal property upon which he has given a written mortgage, lien, or deed of trust, and which was then unsatisfied in whole or in part, without first obtaining the consent of the lawful holder thereof to such sale or conveyance; while under section 7342, Code 1907, the offense therein denounced may be committed by "removing" or "selling" personal property, if such removing or selling is done with the purpose of hindering, delaying, or defrauding any person who has a claim thereto, under a written instrument, lien created by law for rent or advances, or other lawful or valid claim

verbal or written, provided that such removing or selling of such property is done with a knowledge of the existence thereof.

It will thus be seen that these two offenses are of a different character and their constituent elements vary in a marked degree. The first offense, "selling or conveying mortgage property," is a misdemeanor, without regard to the value of the property involved, and under a prosecution for this offense the burden rests upon the prosecution to prove, by the required degree of proof, that the accused under the named conditions, that is to say, without the consent of the holder of the claim and with a knowledge of its existence, "sold" or "conveyed" the property in question, and a mere removal of such property would not be sufficient upon which to predicate a judgment of guilt for this offense.

The second above-mentioned offense, "removing or selling personal property to which others have a claim," is a felony provided the value of the property involved is $25 or more; and to constitute this offense "any removal" of the property in question, if done with a knowledge of the existence of the lien or claim, and with the purpose of hindering, delaying, or defrauding the person who has the claim thereto, makes the offense complete.

[2] In order to successfully plead former jeopardy, it must be shown that the offense charged in the two prosecutions is the same in law and in fact, for the words "same offense" mean the same identical act and crime. Several rules have been laid down by the authorities for determining whether the crimes are identical. The rule most applicable here is to ascertain whether the facts alleged in the second indictment would, if given in evidence, have warranted a conviction on the first indictment mentioned in the plea. We think not, for the reason that on the trial of the first indictment the evidence may have failed to disclose the fact that the defendant either "sold" or "conveyed" the mules and wagon in question, and yet it may have been shown conclusively that the accused had "removed" same with the intent and for the purpose indicated. In this event a prosecution for selling or conveying the mortgaged property must of necessity fail, and a further prosecution to meet the facts developed would not be improper or in any manner tend to invade the constitutional right of defendant not to be twice put in jeopardy for the same offense.

The case of Hurst v. State, 86 Ala. 604, 6 South. 120, 11 Am. St. Rep. 79, cited by appellant and relied upon as a direct authority to sustain his contention of the identity of offenses, is not in point. In the Hurst Case the act of accused in carrying the file into the jail, etc., was the identical act complained of in the two indictments; but here

this is not the case, for it is not contended by the state that this defendant sold or conveyed the mules and wagon, but the insistence is, and the testimony offered by the state tends to show, that the defendant "removed" the property from place to place in order that the prosecutor might not be able to locate it. It was for the jury to say, from the evidence, whether this is true or not, and, if true, whether or not P. J. Martin had a claim thereto under a written instrument, as contended, and that the accused in removing said property did so with the knowledge of the existence of such claim and for the purpose of hindering, delaying, or defrauding Martin, the person named in the indictment.

The testimony offered by defendant, on the other hand, tends to show that the defendant had paid the claim in full prior to the filing of the indictment, and that he had made no attempt to conceal the whereabouts of the property, but was acting in good faith in the matter. There is no evidence that the property was sold, but there is some evidence to the effect that it was removed from place to place, and that the defendant told different stories to one Cole, a deputy sheriff who tried to locate the property, having given to Cole erroneous information as to where the property could be found on two different occasions.

The evidence is in irreconcilable conflict. The duty therefore devolved upon the jury to say which version of the testimony was correct.

Under the terms of the present indictment, it must appear that the defendant entertained a purpose to hinder, delay, or defraud; while, under the first indictment, such purpose was not necessary to a conviction. In other words, the two statutes covered offenses which are entirely different, and there is not an identity of offenses, although both offenses arise out of the same transaction. A plea of former acquittal cannot rest merely upon the fact that the same transaction is involved in the second offense as in the first. In order for such plea to be good as against demurrer, it must appear that the offenses are identical or the same.

In McCrosky v. State, 17 Ala. App. 523, 87 South. 219, the following language appears:

"In order to successfully plead former jeopardy, it must be shown that the offense charged in the two prosecutions is the same in law and in fact, for the words 'same offense' mean the same identical act and crime."

In the cases of Henry v. State, 33 Ala. 389, and Foster v. State, 39 Ala. 229, it is held that a plea of former acquittal must aver the identity of the prisoner with the person formerly acquitted and the identity of the offense charged in the first with that set forth in the last indictment.

In Gordon v. State, 71 Ala. 315, it is held

that the test to which a plea of former conviction or former acquittal must be subject is whether the facts averred in the second indictment, if proved to be true, would have warranted a conviction upon the first; that the two offenses must be the same and must be identical in law and in fact, or an acquittal or conviction of the one is not a bar for the prosecution of the other.

In Sanders v. State, 55 Ala. 42, the court holds that the test determining the sufficiency of a plea of former conviction or acquittal is whether the facts alleged in the second indictment, if proved, would have warranted a conviction on the first indictment.

In Foster v. State, 88 Ala. 182, 7 South. 185, it is said that a plea of former acquittal must show the identity of person and offense, if not by averment in express terms, at least by the averment of facts which show such identity with reasonable certainty.

See, also, Baysinger v. State, 77 Ala. 60.

In Dominick v. State, 40 Ala. 680, 91 Am. Dec. 496, it is held that the former acquittal is not a bar to a subsequent prosecution unless the accused could have been convicted upon the first indictment under proof of the facts averred in the second indictment.

In Bowen v. State, 106 Ala. 178, 17 South. 335, it is held that a conviction of grand larceny, under an indictment which charges burglary only, is no defense to a subsequent indictment charging larceny as to the same grounds.

As before stated, under the decisions above set forth, we think the court was correct in sustaining the demurrers filed by the state to the defendant's plea of former acquittal, for the reason that the two offenses are not identical and under the testimony in the present case, which is amply sufficient to justify a conviction, a conviction could not have been had under the first indictment.

[3] James Massey was examined by the state, and the defendant complains that the court overruled the defendant's objection to a question propounded to the witness by the solicitor asking whether the witness had seen defendant on his place with any mules and wagon. The witness had already testified that he knew the defendant and lived within about a half mile of him, and that he had never seen the mules and wagon.

It was shown that this witness was a near neighbor of the defendant. Whether the witness had or had not seen the mules and wagon about the defendant's home was a proper matter for the consideration of the jury in the question at issue as to whether the defendant was concealing this property by sending it away from his premises, or whether the property had been kept open to the view of persons passing near defendant's place. The exception is without merit.

[4] Appellant also complains that the court overruled defendant's objection to a question propounded by the solicitor to the defend-

ant's witness Etheridge, on cross-examination, wherein the solicitor asked the witness if he did not know it to be a fact that the defendant had disposed of the mules and wagon for the purpose of beating Martin. This question was asked on cross-examination of, the defendant's witness as to which there is a wide latitude resting in the discretion of the court, which may permit witnesses to be examined touching even irrelevant and immaterial matters. The court may also permit on cross-examination questions seeking to test the sincerity of a witness as was being done. In this ruling there was no error. 13 Michie's Alabama Digest, p. 1148, § 189 et seq.

[5] The next point of which appellant complains is the refusal to the defendant of the affirmative charge. We have discussed above the general tendencies of the testimony offered in behalf of the state, and on behalf of defendant, and have shown that there was a direct conflict in the testimony of the two parties, thereby placing the duty of determining the issue upon the jury. This charge was therefore properly refused.

There was no error in overruling the motion for a new trial. The motion for new trial is set out in the bill of exceptions; no statement is contained in the bill of exceptions as to what testimony, if any, was offered in connection with the motion. The motion is therefore not presented in such form as that it can be reviewed. Acts 1915, p. 722; Crawley v. State, 16 Ala. App. 545, 79 South. 804; Stover v. State, 204 Ala. 311, 85 South 393.

No error of a reversible nature appearing in any of the rulings of the court, and no error being apparent on the record, the judgment of the circuit court must be affirmed.

Affirmed.

## On Rehearing.

This court, as a whole, has carefully considered the application for rehearing in this case and the earnest appeal by counsel in behalf of appellant.

[6] As to the motion for new trial not being properly presented, we merely refer to the statute, Acts 1915, p. 722, and call attention to the fact there is an absolute noncompliance with the terms of that act which provides that "the evidence taken in support of the motion * * * shall be included in the bill of exceptions," etc. So far as the bill of exceptions contained in this record is concerned, there is nothing to show that any evidence was offered on the motion or anything done in connection therewith, except that on June 24, 1921, the motion was filed with the clerk of the court, and on June 25, 1921, was submitted and taken under advisement by the court and on the same date the motion was overruled.

We cannot look to the record proper to ascertain if the terms of this statute have been complied with. Britton v. State, 15 Ala. App. 584, 74 South. 721. However, if the terms of the statute in this connection had been complied with and the motion was properly presented, it could avail the defendant nothing, as on this motion no matter was presented which had not been dealt with on the trial of this case. Bell v. State, 16 Ala. App. 36, 75 South. 181. It appears that on the trial of this cause the defendant had the benefit of his exceptions on all the questions relied upon in the motion for new trial.

We take no issue with counsel for appellant as to the correctness of the propositions of law stated in their excellent briefs, but in our opinion the cases cited are not analogous to the case here, for the offense complained of here does not come within the scope of the "one and same act," "the indivisible act" referred to in the cases cited. We think the original opinion heretofore rendered makes this sufficiently clear. To the conclusion therein announced we must adhere.

Application overruled.