(102 So. 365)

## WOOLEY v. STATE. (1 Div. 579.)

(Court of Appeals of Alabama. Dec. 16, 1924.)

Criminal law ⬦➞292(2)—Plea of former conviction held insufficient as not showing identity of offenses.

A plea of former conviction, which failed to aver that offense charged is identical offense for which defendant had been formerly tried and convicted, and that former conviction was based upon same transaction as alleged in prosecution of which he is now charged, *held* insufficient to show violation of Const. 1901, § 9.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Ollie Wooley was convicted of violating the prohibition law, and he appeals. Affirmed.

The following plea was filed by the defendant:

"Now comes the defendant, and for plea says that he has heretofore, on, to wit, the 8th day of March, 1923, been convicted in the circuit court of Mobile county, Ala., on an indictment charging him with the offenses set forth and embraced in the indictment in this cause, wherefore defendant says that he ought not be required to answer further to this said indictment, and prays his discharge."

To this plea the state interposed the following grounds of demurrer:

"First, it is not alleged in said plea that the offense charged in the former proceeding was the same as the one of which defendant is charged in this case; second, it is not alleged in the said plea that the offense charged in this proceeding is the same offense for which the defendant has already been convicted; third, it is not alleged in said plea that the offense charged in a former proceeding grew out of the same state of facts out of which this prosecution is begun; fourth, it is not alleged in said plea that the offense charged in this indictment is based upon the same state of facts as was the proceedings upon which the defendant was heretofore convicted."

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The indictment against this appellant, defendant in the court, below, charged that he did sell, or keep for sale, spirituous, vinous, or malt liquors, etc. In answer thereto he filed what purports to be a plea of former conviction. The court sustained demurrers to said plea. The ruling of the court in sustaining state's demurrer to defendant's plea presents the only question for our consideration as this appeal is upon the record only, without a bill of exceptions.

---

⬦➞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It is not the policy of the law that a person shall be made to suffer punishment twice for the same offense. In fact, section 9 of the Constitution of 1901 (Bill of Rights) expressly provides that no person shall, for the same offense, be twice put in jeopardy, etc. This is the fundamental law of the land. But the vice of the plea here interposed is that it fails to aver that the offense here charged is the identical (or same) offense for which he had been formerly tried and convicted, and that such former conviction was based upon and is of the same matters and transactions as is alleged in this indictment or prosecution of which he is now charged. The demurrers interposed by the state, in substance, were directed to this defect in said plea and were well taken; therefore the court properly sustained them.

On page 685 of volume 2, Code 1923 (form 5), a form of a plea of autrefois convict is prescribed, and, if followed, is sufficient to present the character of defense here undertaken. See, also, Holcomb v. State, 19 Ala. App. 24, 94 So. 917; McCrosky v. State, 204 Ala. 677, 87 So. 219.

No error is apparent on the record; therefore the judgment of conviction appealed from will stand affirmed.

Affirmed.