### McBRIDE v. STATE. (6 Div. 601.)

(Court of Appeals of Alabama. Aug. 4, 1925. Rehearing Denied Oct. 27, 1925.)

1. Criminal law ⊕⟹535(2)—Defendant's admission of ownership or possession of liquor in car held inadmissible in vagrancy trial.

In vagrancy trial, defendant's admission or confession that he owned or possessed liquor, supposed to have been in car which ran away from where officers were located on highway, held inadmissible as mere extrajudicial confession, uncorroborated by facts, and insufficient to show corpus delicti, in absence of evidence that car contained any liquor.

2. Criminal law ⊕⟹1134(3)—Rulings which may not arise on retrial not considered.

Rulings which may not arise on another trial will not be considered, where judgment is reversed and cause remanded for other error.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Hub McBride was convicted of vagrancy, and he appeals. Reversed and remanded.

Beddow & Ray, of Birmingham, for appellant.

The state must first make out a prima facie case of vagrancy before the burden shifts to the defendant. Brown v. State, 4 Ala. App. 122, 58 So. 794. Mere extrajudicial confessions are not sufficient uncorroborated by other facts, to show the corpus delicti, and cannot support a conviction. Hill v. State, 207 Ala. 444, 93 So. 460.

Harwell G. Davis, Atty. Gen., and Jim Davis, Sol., and Willard Drake, Asst. Sol., both of Birmingham, for the State.

Evidence of facts and circumstances attending the particular offense, and usually attending the commission of similar offenses, is admissible. Hill v. State, 207 Ala. 444, 93 So. 460.

RICE, J. The defendant was convicted of the offense of vagrancy, and appeals.

It would not add anything of value to the law on the subject for us to discuss the constituent elements of the crime for which this defendant was tried and convicted, or the evidence in this case. The following decisions of this and the Supreme Court should prove a sufficient guide for another trial: Wallace v. State, 16 Ala. App. 85, 75 So. 633; McCrosky v. State, 17 Ala. App. 523, 87 So. 219; Brown v. State, 4 Ala. App. 122, 58 So. 794; Toney v. State, 60 Ala. 97.

[1] Under the authority of Hill v. State, 207 Ala. 444, 93 So. 460, Ryan v. State, 100 Ala. 94, 14 So. 868, and other decisions of our Supreme Court of a similar import, we must hold that the trial court was in error in admitting, over the timely objection and exception of the defendant, the testimony to the effect that the defendant admitted or confessed owning or possessing the liquor supposed to have been in the car which ran away, or was supposed to have run away, from where the officers were located on the Montgomery Highway at 3 or 3:30 o'clock on a certain morning. This testimony was "a mere extrajudicial confession, uncorroborated by the facts," and was not sufficient to show the corpus delicti. It no-

where appears in the record, even legally inferentially, that the car in question did in fact contain any liquor at all.

[2] It is thought the other rulings complained of may not arise upon another trial, and they will not here be considered. For the error pointed out, the judgment is reversed. and the cause remanded.

Reversed and remanded.