176 So. 615

### ISBELL v. STATE.

### 8 Div. 544.

Court of Appeals of Alabama.

Oct. 26, 1937.

564

J. A. Lusk & Son, of Guntersville, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment contained one count and charged a violation of section 5004 of the Code 1923, which makes it an offense for any person to sell or convey any personal property, upon which he has given a written mortgage, lien, or deed of trust, and which is then unsatisfied in whole or in part, without first obtaining the consent of the lawful holder thereof to such sale or conveyance.

In order to sustain a conviction under the indictment, the state was under the burden to show by the evidence, under the required measure of proof (1) that the accused sold the automobile; or (2) that he conveyed it.

After a careful reading and consideration of all the evidence adduced upon the trial of this case, we ascertain that no attempt was made, and no evidence offered, tending to show that the accused sold the automobile in question. There is likewise no evidence in the case tending to show that he conveyed the property, as that term is construed in contemplation of law. In the case of Johnson v. State, 69 Ala. 593, Chief Justice Brickell, for the court, said: "The statute by its words embraces not only a sale, but a conveyance of the property. The word 'convey,' when applied to a disposition of property, has the signification of 'transfer,' and means the passing of title and dominion from one person to another." See, also, Holcomb v. State, 19 Ala.App. 24, 94 So. 917; Lippman v. State, 104 Ala. 61, 16 So. 130.

The facts in this case are without material conflict, and, as stated by appellant's counsel, are in substance as follows:

"Defendant, a minor, was employed as a farm hand in March, 1935, by Dick Haney, a farmer in Marshall County, Alabama. On April 1st, 1935, the boy bought from W. M. Bush of Guntersville, Alabama, a second-hand automobile for $40.00, Haney advancing for defendant the $20.00 down payment and signing as surety a chattel mortgage note for the balance.

"Two days later defendant with another boy left in the car for a visit in Dallas, Texas. Before reaching Dallas the car stopped running due to burned out bearings, defendant left it on the side of the road and went on to Dallas, staying there eight or ten days, after which he wired home for money to come back on, and on his return went directly to Bush, told him what had happened and asked him to fill out a new note to take to his father. Before defendant could get back with the new note, Haney, without approaching defendant, went to Bush and paid off the note, and had defendant arrested for selling or conveying the mortgaged automobile".

From the foregoing, as stated, the proof offered fails to sustain the material allegations or averments of the indictment; therefore, it was error to a reversal to refuse to defendant the general affirmative charge requested in writing.

Other insistences of error are presented but need not be discussed; not being necessary to the decision.

Reversed and remanded.