27 So.2d 716

### PRITCHETT v. STATE.

4 Div. 926.

Court of Appeals of Alabama.

Feb. 5, 1946.

Rehearing Denied Oct. 29, 1946.

John C. Walters, of Troy, for appellant.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon the trial of this case in the court below there was no material conflict in the evidence. This evidence disclosed that appellant, Pritchett, rented a farm in Barbour County, Ala., and on the 11th day of January, 1944, mortgaged his crop to the Clayton Banking Company, in Clayton, Alabama. Appellant lived near or adjacent to Ariton, Alabama, which was his market town. It was disclosed by the testimony that his, and the general trade custom of farmers in that vicinity was, to market their peanuts in Ariton. Following said trade custom appellant gathered his peanut crop, the subject of this prosecution, carried them to Ariton and stored them with a man by the name of Hutto. The trade custom further prevailed that no money was to be paid until the hauling of the crop of peanuts was finally completed. Appellant's peanuts stored with Hutto were worth under the prevailing prices about $1,200. It is shown, without dispute, also testified to by Hutto, that appellant demanded payment for his peanuts from Hutto in order to pay his indebtedness to the Clayton Banking Company, but Hutto refused to pay him, and never did do so, notwithstanding appellant made frequent and urgent demands upon him for the money. Hutto declined because as stated by him appellant was also indebted to him.

From the foregoing, this court is of the impression that a civil proceeding to ascertain who was entitled to the money in question would have been more appropriate, rather than a criminal prosecution against appellant. But the latter course was pursued and resulted in an indictment against appellant which charged him with the violation of the Statute, Title 14, Section 363, Code of Alabama 1940. Said indictment is in words and figures as follows:

"Indictment For Removing Property Covered by Lien.

"The State of Alabama, Barbour County. } Circuit Court, Spring Term, 1945 At Clayton.

"The Grand Jury of said County charge that before the finding of this indictment that Ara Pritchett, alias Abe Pritchett, with the purpose to hinder, delay, or defraud The Clayton Banking Company, a corporation, organized and doing business as such under the banking laws of the State of Alabama, which had a lawful and valid claim thereto, under a written instrument, lien

created by law for rent or advances, or other lawful and valid claim, verbal or written, did sell or remove personal property, consisting of eight tons of peanuts, of the value of One Hundred and Fifty Dollars each and of the aggregate value of Twelve Hundred Dollars, the said Ara Pritchett, alias Abe Pritchett, having at the time a knowledge of the existence of such claim, against the peace and dignity of the State of Alabama."

Upon arraignment on the indictment counsel for appellant made the following statement to the court. To wit:

"Mr. Jackson: Gentlemen of the Jury, for answer to the indictment, the defendant says he is not guilty. The defendant admits taking the peanuts which were grown in Barbour County to the open market at Ariton and delivering them to Mr. Jack Hutto, but he expects to prove to you that he has never collected from Mr. Hutto for those peanuts, that he also owed Mr. Hutto a debt and Mr. Hutto is holding the peanuts for that debt. He expects to prove to you further that he told Mr. Hutto he owed the Clayton Banking Company—and he asked Mr. Hutto for his money for the express purpose of paying the Clayton Banking Company, and he says therefore he is not guilty as charged in this indictment."

The trial resulted in the conviction of appellant as charged in the indictment, whereupon the court sentenced him to imprisonment in the penitentnary for a period of two years. Judgment of conviction was pronounced and entered, from which this appeal was taken.

The defendant requested the affirmative charge in writing which the court refused. He also made and entered a motion for a new trial, upon which the following orders were made:

"Filed this May 14, 1945.

J. S. Williams, Judge.

"Continued for 30 days from this date. This May 14, 1945.

J. S. Williams, Judge.

"Oct. 6, 1945.

"This motion is dismissed for lack of prosecution.

J. S. Williams
Judge."

It thus appears but only one point of decision is presented on this appeal, and that is, the refusal of the affirmative charge. On this question it is insisted by the State, as follows: "The record in this case presents little for review by the Appellate Court. At the outset of the trial the appellant's attorney admitted that the property, the peanuts, was removed to Ariton, away from the farm on which they had been grown, and were delivered to Mr. Jack Hutto. It is also clear that the crop, including the peanuts, was mortgaged to the Clayton Banking Company in Clayton, Alabama, and that the appellant himself executed the mortgage. It has been held that when the State shows that personal property, known to be mortgaged, is removed by the appellant, mortgagor, the very fact of removal raises a presumption that the removal indicates an intent on the part of the mortgagor to hinder, delay or defraud the mortgagee."

■■ In support of the foregoing the case of May v. State, 115 Ala. 14, 22 So. 611, is cited. Also our case of Holcomb v. State, 19 Ala.App. 24, 94 So. 917. These authorities are directly in point and this court must hold under the facts in this case that the purpose or intent of the defendant in removing the mortgaged peanuts was for the jury to determine. The jurisdiction of this court is appellate only in cases of this character and we cannot, of course, substitute ourselves for the jury, hence the judgment of conviction from which this appeal was taken must be affirmed as this single question only is presented.

We gather from the record that counsel appearing here on this appeal for appellant did not represent him on the trial below. There is no explanation in the record why the defendant's motion for a new trial was abandoned, and had to be "dismissed for want of prosecution." Had said motion been attended to and a ruling of the court secured thereon, a very different status would be here presented and the relief to which we think appellant was entitled could have been accorded.

An excerpt from the case of May v. State, supra [115 Ala. 14, 22 So. 612] is exactly in point with our view of this case. In this connection the Supreme Court (through

the great Justice McClellan) said: "We deem it not out of place, however, to say that the evidence shown in this record in rebuttal of the idea of bad intent on the part of the plaintiff, while not sufficient to take that inquiry from the jury, was yet of a character to strongly challenge the court's discretion in favor of the defendant on a motion for a new trial."

As stated, the manner in which this case is presented renders this court helpless to accord to appellant the relief to which under all the testimony he should be entitled. We are of the opinion, however, if this matter should be presented to the State Board of Pardon and Paroles, it would receive careful consideration by that Board.

As stated herein above, the only question presented on this appeal must of necessity be decided adversely to appellant, and the case must, perforce, be affirmed.

Affirmed.