(78 South. 721)

FOSTER v. STATE.    (3 Div. 308.)

(Court of Appeals of Alabama.    April 2, 1918. Rehearing Denied May 7, 1918.)

1. INDICTMENT AND INFORMATION ⊜⊐19 — FORM AND SUFFICIENCY.

If an indictment is in statutory form, demurrers thereto are properly overruled.

2. FALSE PRETENSES ⊜⊐51—QUESTIONS FOR JURY.

Evidence held to present jury question as to accused's guilt of obtaining money by false pretenses.

3. INDICTMENT AND INFORMATION ⊜⊐166—ISSUES—PROVING INCORPORATION.

Under specific provisions of Code 1907, § 6876, in the trial of criminal cases, the state need not prove incorporation of any corporation mentioned in the indictment, unless defendant before trial denies the existence thereof by a sworn plea.

4. CRIMINAL LAW ⊜⊐401, 448(2)—EVIDENCE—SECONDARY EVIDENCE—OPINION.

In view of Code 1907, § 6876, making it unnecessary to prove incorporation in criminal cases, unless such fact is denied under oath, testimony of witness that a bank mentioned in the indictment was a corporation was not secondary evidence, nor a conclusion or opinion of the witness.

5. FALSE PRETENSES ⊜⊐12—OBTAINING MONEY—EVIDENCE—SUFFICIENCY.

If accused by false pretenses procured proceeds of a loan to be placed to his credit on the books of the bank subject to check, and he afterwards checked out the amount, the offense of obtaining money by false pretenses was complete.

6. CRIMINAL LAW ⊜⊐1066—APPEAL—PRESERVATION OF EXCEPTIONS.

In view of Acts 1915, p. 722, as to preserving alleged errors in overruling motion for new trial, such errors cannot be considered in the absence of reservation of exceptions to the ruling.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

W. J. Foster was convicted of obtaining money under false pretenses, and he appeals. Affirmed.

J. Paul Jones and J. R. Thomas, both of Montgomery, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BRICKEN, J. [1, 2] The defendant was convicted of the offense of having obtained money under false pretense. The indictment contained three counts, and was in the statutory form. The demurrers to the indictment were therefore properly overruled. Exceptions were reserved to the ruling of the court upon the evidence, but it is not deemed necessary to discuss these questions in detail. The evidence showed that the defendant represented to Morris Baldwin, the cashier of the Capital National Bank, that he was the owner of a certain automobile described in the indictment, and by virtue of this statement obtained from the Capital National Bank money, or the equivalent thereof, by having it placed to his credit in the bank, in the sum of $100. It was shown by the evidence, without conflict, that the defendant did not own the automobile, and that his statement in connection therewith to Baldwin was absolutely false. The venue was proven, and the case was properly submitted to the jury for its consideration. The motion to exclude the evidence was properly overruled.

[3, 4] There is no merit in the contention that there was no legal evidence that the Capital National Bank was a corporation. In the trial of criminal cases, it is not necessary for the state to prove the corporation mentioned in the indictment, unless the defendant, before entering upon such trial, denies the existence of such corporation by sworn plea. Code 1907, § 6876. The evidence, therefore, of the witness Baldwin that the Capital National Bank was a corporation, was not, as contended by the defendant, secondary evidence, neither was it a conclusion or opinion of the witness as insisted. Kramer v. State, ante, p. 456, 78 South. 719.

[5] There is nothing in the contention that the defendant did not obtain the $100 at the time of the alleged false pretense. The fact that the net proceeds of the loan was placed to his credit on the books of the bank, subject to his check, and the amount was afterwards checked out by him, is sufficient.

———————

Wilkerson v. State, 140 Ala. 155, 36 South. 1004; Clark v. State, 14 Ala. App. 633, 72 South. 291; Foote v. State, ante, p. 136, 75 South. 728, and cases cited.

[6] The action of the court in overruling the motion for a new trial is not presented for our consideration. Acts 1915, p. 722. No exceptions were reserved to the ruling of the court on this question, nor were the requirements of the statute otherwise complied with. We are therefore without authority to review the ruling of the trial court in refusing to grant a new trial. King v. State, ante, p. 103, 75 South. 692; Britton v. State, 15 Ala. App. 584, 74 South. 721; Ross v. State, ante, p. 393, 78 South. 309.

There is no error in the record, and the judgment of the lower court is affirmed.

Affirmed.