(79 South. 804)

CRAWLEY v. STATE. (7 Div. 540.)

(Court of Appeals of Alabama. June 11, 1918. Rehearing Denied Oct. 8, 1918.)

1. CRIMINAL LAW ⬤═368(2)—EVIDENCE—RES GESTÆ.

In prosecution for assault with intent to murder, evidence relative to defendant's wife's screaming immediately before gun was fired held admissible as part of res gestæ.

2. CRIMINAL LAW ⬤═368(1)—EVIDENCE—RES GESTÆ.

In prosecution for assault with intent to murder, testimony by the wife of prosecuting witness relating what took place between her and her husband at the time of the shooting was admissible as part of res gestæ.

3. WITNESSES ⬤═376—TESTIMONY ON REDIRECT EXAMINATION—INTEREST OF WITNESSES.

Where state witness testified on cross-examination that his feelings toward defendant were good and that he had come all the way from another state to testify, it was proper for witness, on redirect examination, to testify that he had been subpœnaed; such evidence being admissible to rebut the proposition of undue feelings and interest against defendant on his part.

4. CRIMINAL LAW ⬤═417(10)—EVIDENCE—SELF-SERVING DECLARATIONS.

In prosecution for assault with intent to murder, testimony by defendant's wife as to defendant's conduct and statements prior to the shooting was inadmissible, being self-serving.

5. CRIMINAL LAW ⬤═815(13)—INSTRUCTIONS EXCLUDING ISSUES.

In prosecution for assault with intent to murder, instructions which would have precluded a consideration by jury of an assault, or an assault with a weapon, misdemeanors comprehended and included in the felony charge, were properly refused.

6. CRIMINAL LAW ⬤═829(1)—INSTRUCTIONS COVERED BY CHARGE.

An instruction fully covered by the oral charge was properly refused.

7. CRIMINAL LAW ⬤═814(8, 9) — ABSTRACT — INSTRUCTION.

In prosecution for assault with intent to murder, defendant's instruction that jury could not convict if it found that defendant did not know prosecuting witness was in the room when the shot was fired was properly refused as abstract, where there was no evidence that defendant did not have such knowledge.

8. CRIMINAL LAW ⬤═798(1)—MISLEADING INSTRUCTION—REASONABLE DOUBT.

In prosecution for assault with intent to murder, instruction that burden is upon state to satisfy each juror beyond all reasonable doubt that each and every material allegation is true held misleading.

9. CRIMINAL LAW ⬤═1066, 1124(4)—APPEAL — RECORD — BILL OF EXCEPTIONS — NEW TRIAL.

Under Acts 1915, p. 722, court's refusal to grant new trial will not be reviewed, where no exception to court's ruling was taken, and bill of exceptions does not contain the motion, the order thereon, or the evidence taken in support of the motion.

Appeal from Circuit Court, Etowah County; J. E. Blackwood, Judge.

Pat Crawley, alias, was convicted of assault with intent to murder, and he appeals. Affirmed.

The evidence tended to show that, in the absence of defendant, Grover Hightower had certain goods of defendant attached for rent, and that upon the return of defendant he came into the house and walked through the house. The other witness stated that he heard the wife of defendant scream, and that she broke and ran into the back yard, and continued to scream and halloo out there: and that immediately defendant came to the room where witness was and lunged against the door, and, on witness starting to open the door, defendant fired, the shot breaking a hole in the door, and a splinter striking witness. Witness stated that he had no feeling against defendant, and it was shown that at the time of the trial witness was living in Atlanta, Ga., but had come all the way to Gadsden to attend the trial whereupon the solicitor asked him how he came to know that the case was set down for that day, and witness replied that he had a summons to appear that day, together with a letter from the sheriff asking him to come. Mrs. Hightower, wife of prosecutor, was permitted to testify that, after defendant had rapped on the door and said that he wanted cover, she ran to her husband and said, "You are not going to open the door," and he just said, "Oh," like that, and reached for the knob. The wife of defendant testified that defendant was out all day and came home about half an hour before the trouble; that he had been drinking all day, and that when he came in he told her that he was going to see what— Here objection was interposed, and counsel stated:

"We offered to show that just immediately before the shooting this man came in intoxicated and said: 'I'm going to go to Hightower and tell him I want to get part of that furniture.' Whereupon defendant's wife said to him: 'Hightower has got a gun; he has got a pistol, and don't you go.' And defendant picked up his gun and said, 'I'm going,' and he went."

The following charges were refused to defendant:

A. The court charges the jury that they must each believe beyond every reasonable doubt that defendant is guilty as charged; otherwise, they must acquit him.

B. In order to convict defendant, you must believe under the evidence beyond all reasonable doubt that, at the time the shot was fired, the defendant intended to kill Grover Hightower.

C. If you find that at the time the shot was fired defendant did not know Grover Hightower was in the room, then you cannot convict him.

D. Before you can convict defendant, you must believe beyond all reasonable doubt that defendant assaulted Grover Hightower with the intent unlawfully and maliciously to kill him.

E. The burden is cast upon the state to satisfy each and every member of the jury beyond all reasonable doubt that each and every material allegation contained in the indictment is true, and, failing to do so, they cannot convict defendant.

The record contains a motion for a new trial, and the order on the motion; but the same is not set out in the bill of exceptions,

nor does the record contain any account of an exception being taken to the action of the court in overruling the motion.

Thomas J. Judge, of Birmingham, and L. B. Rainey, of Gadsden. for appellant. F. Loyd Tate, Atty. Gen.. and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted, tried, and convicted for the offense of assault with intent to murder, and was sentenced to five years' imprisonment in the penitentiary.

The errors complained of on this appeal relate to the rulings of the court upon the evidence, and the refusal of the court to give several written charges requested by the defendant, and also to grant a new trial..

[1, 2] There was no error in overruling the objection to the testimony of state's witness Hightower relative to the wife of the defendant screaming immediately before the gun fired, as this testimony related clearly to the res gestæ and was therefore admissible; and for like reason the objection to the testimony of Mrs. Hightower as to what took place between her and her husband at the very time of the shooting was also properly overruled.

[3] On cross-examination of state's witness Hightower, he testified that his feelings towards the defendant were perfectly good, yet he had come all the way from Atlanta to attend the trial. It was not error, therefore, for the court to allow this witness, on redirect examination, to state that he had received a summons to attend the trial from the sheriff through the mail. It was clearly apparent that the defendant sought by this examination to show interest and feeling upon his part as against the defendant, and it was perfectly proper that this witness should be allowed to state the above facts relative to having received the summons to rebut the proposition of undue feelings and interest on his part.

[4] The statements and conduct of the defendant prior to the shooting were of a self-serving character, and the court did not err in not permitting Mrs. Pat Crawley, wife of the defendant, to testify to these facts.

[5] Charges A, B, and D were each properly refused. The indictment charged the defendant with assault with intent to murder, which charge also involves an assault, or an assault with a weapon, etc., misdemeanors comprehended and included in the felony charge, and these refused charges precluded the jury from a consideration of either of these offenses, and there was no error in their refusal.

[6, 7] Charge C was properly refused. This charge was fully covered by the oral charge of the court, and it was also abstract; there being no testimony in the case that the de-

fendant did not know Grover Hightower was in the room at the time he fired the shot.

[8] Charge E was misleading and was properly refused. When applied to a charge of assault with intent to murder, or other offenses of which there are different degrees, a similar charge has been held to be bad repeatedly by this court and by the Supreme Court. Lacey v. State, 13 Ala. App. 212, 242, 68 South. 706; May v. State, 79 South. 677;[1] John Null v. State, 79 South. 678;[2] Littleton v. State, 128 Ala. 31, 29 South. 390; Stoball v. State, 116 Ala. 454, 23 South. 162. Furthermore, the principle of law attempted to be embodied in this charge was fairly and substantially covered by the oral charge of the court.

[9] The action of the court in refusing to grant a new trial is not presented in a manner authorizing a review of the ruling of the court on this question. Acts 1915, p. 722; Ross v. State, ante, p. 393, 78 South. 309; King v. State, ante, p. 103, 75 South. 692; Henry, alias Booze O'Neal, v. State, ante, p. 484, 79 South. 158; Powell v. Folmar, 201 Ala. 271, 78 South. 48.

The record is without error, and there is no error of a prejudicial nature in any of the rulings of the court. The judgment of conviction is therefore affirmed.

Affirmed.