(79 South. 158)

O'NEAL v. STATE.   (6 Div. 458.)

(Court of Appeals of Alabama.   June 11, 1918. Rehearing Denied June 29, 1918.)

1. CRIMINAL LAW ⬅970(6) — MOTION IN ARREST—CHARGING TWO OFFENSES IN ONE COUNT.
   It is no ground for arrest of judgment that a single count charged defendant with burglary and grand larceny.

2. STATUTES ⬅100(2)—SPECIAL AND LOCAL ACTS—COUNTY SOLICITOR.
   Act Sept. 25, 1915 (Acts 1915, pp. 817–823), general solicitors' bill, by the last proviso continuing, for a certain time, in circuits of one county, the county solicitor as chief prosecuting officer, does not contravene Const. 1901, § 104, as to local and special laws.

3. STATUTES ⬅75—SUSPENDING OPERATION OF GENERAL LAW.
   Act Sept. 25, 1915 (Acts 1915, pp. 817–823), general solicitors' bill, by the last proviso continuing, for a certain time, in circuits of a single county, the county solicitor as chief prosecuting officer, does not contravene Const. 1901, § 108, inhibiting suspending operation of a general law for benefit of an individual.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Henry, alias Booze, O'Neal, was convicted of burglary and grand larceny, and he appeals. Affirmed.

The first count charges burglary and grand larceny. The second count charges receiving, concealing, or aiding in concealing stolen goods. The motion in arrest of judgment is based, first, on the fact that the indictment was invalid, because each count thereof sets forth several distinct substantive offenses, charging the same conjunctively in each count; and, second, because the proceedings before the grand jury which returned the

same were conducted by, and the said indictment found on the advice of, an unauthorized person, i. e., Hugo L. Black, or the assistants appointed by him. Since the act of the Legislature approved September 25, 1915 (Acts 1915, pp. 817–823), which attempted to continue said Black in office temporarily as chief prosecuting officer, is unconstitutional and void, under sections 104 and 108, Constitution 1901.

R. L. Williams, of Birmingham, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was tried and convicted for the offense of burglary and grand larceny, and sentenced to imprisonment in the penitentiary for a term of 10 years.

There are no errors apparent on the record, and throughout the entire trial no exception was reserved to any ruling of the court on the evidence, nor to the oral charge of the court, and no written charges were requested by the defendant. The only exception reserved during the entire proceedings was to the action of the court in overruling the defendant's motion for a new trial. Under the facts disclosed by the transcript, the motion for a new trial was properly overruled.

[1-3] The first ground for motion in arrest of judgment was not well taken under authority of Walker v. State, 97 Ala. 85, 12 South. 83, and Bailey v. State, 116 Ala. 437, 22 South. 918; and under the authority of State ex rel. Gaston v. Black, 74 South. 387,[1] the second ground of said motion is without merit. The motion in arrest of judgment was therefore properly overruled.

No error appears, which authorizes a reversal of the judgment of conviction in this case, and the judgment is accordingly affirmed.

Affirmed.