(87 South. 696)

HINES, Director General of Railroads, v. McMILLAN.   (1 Div. 344.)

(Court of Appeals of Alabama. Dec. 16, 1919. Rehearing Denied Feb. 10, 1920. Reversed, per Mandate of Supreme Court, June 20, 1920.)

1. APPEAL AND ERROR ⬠624—TIME MAY BE EXTENDED FOR FILING TRANSCRIPT.

Acts 1919, p. 85, requiring appellant to file transcript in office of clerk of appellate court within 60 days after the signing of the bill of exceptions, while mandatory, is yet flexible, in that for good cause shown the appellate court may extend the time for filing the transcript.

2. APPEAL AND ERROR ⬠748(1) — ASSIGNMENTS OF ERROR STRICKEN BECAUSE EXCEPTIONS NOT SHOWN BY BILL OF EXCEPTIONS.

Assignments of error based upon trial court's refusal to grant a new trial and to an excerpt from the oral charge of the court were stricken on motion by reason of neither of the exceptions being shown by the bill of exceptions.

3. APPEAL AND ERROR ⬠549(3)—EXCEPTION TO ORAL CHARGE TO BE SHOWN BY BILL OF EXCEPTIONS.

An exception to the court's oral charge does not become a part of the record until made so by the bill of exceptions.

4. RAILROADS ⬠439(8)—PLEA OF COMPLIANCE WITH FENCE LAW HELD DEMURRABLE.

In an action for damages for mule killed on railroad track, a special plea to the effect that the mule was killed by defendant's train upon a portion of defendant's railroad within a fence erected by defendant in conformity to a notice of the Public Service Commission, defendant evidently seeking to bring itself within the terms of Code 1907, §§ 5653 and 5654, was subject to demurrer, as under such sections it is necessary to allege notice to the defendant of the conclusion of the Public Service Commission that the railroad should be fenced at the point in question, and that the fence was erected and maintained in conformity to notice.

5. RAILROADS ⬠412(4)—LIABLE FOR FAILURE TO CONSTRUCT CATTLE GUARDS.

A railroad company is liable for injuries to animals due to a failure to construct cattle guards reasonably sufficient to exclude ordinary stock after notice to do so by the Public Service Commission.

6. RAILROADS ⬠439(8)—ALLEGATION OF DEFECTIVE CATTLE GUARDS HELD SUFFICIENT.

In an action for damages for mule killed on railroad track, where defendant filed plea that mule was killed within a fence erected by defendant in conformity to a notice of the Public Service Commission, a replication was sufficient if it alleged that the injury was due to a failure to maintain a good and sufficient cattle guard without any more specific reference to the particular defect; it being a matter of defense to show that plaintiff's mule was other than an ordinary mule.

7. TRIAL ⬠143—DIRECTED VERDICT PROPERLY REFUSED ON CONFLICTING EVIDENCE.

Where evidence was in conflict on the issues as made, court properly refused defendant's request to give general charge.

8. TRIAL ⬠260(1)—REQUESTED INSTRUCTIONS COVERED BY GIVEN INSTRUCTION PROPERLY REFUSED.

Court did not err in giving charges as requested in writing by defendant which were amply and fully covered by the court's oral charge.

9. RAILROADS ⬠412(4) —CATTLE GUARDS MUST CONFORM TO ORDER OF PUBLIC SERVICE COMMISSION.

In an action for damages for mule killed on railroad track within a fence erected by defendant after notice of the Public Service Commission, the question was not whether the cattle guard alleged to be defective was constructed in accordance with the plans adopted as a standard stock gap by well-regulated railroads, but was it constructed in conformity to an order of the Public Service Commission, and was it reasonably sufficient to exclude ordinary stock?

Appeal from Circuit Court, Monroe County; Ben D. Turner, Judge.

Action by M. D. McMillan against Walker D. Hines, as Director General, operating the Louisville & Nashville Railroad Company, for damages for killing a mule. Judgment

for plaintiff, and defendant appeals. Reversed and remanded in conformity with mandate of Supreme Court, 87 South. 691.

The action was for damages for killing a mule. The second plea is that the mule was killed by defendant's train upon a portion of defendant's railroad within a fence erected by defendant in conformity to a notice of the Public Service Commission of Alabama. As a special replication to said plea plaintiff replied and said that the cattle guard at the place where said mule was killed was defective and not so constructed as not to prevent said mule going over the same and within the inclosure of defendant's right of way. And plaintiff avers that on account of the said defective condition of said cattle guard said mule went over or across the same within the inclosed right of way of defendant. The demurrers interposed to the special replication were:

(1) It does not allege that the cattle guard in question was a part of the inclosure ordered to be fenced by the Alabama Public Service Commission.

(2) It does not allege that the said cattle guard referred to was not a standard cattle guard, such as are constructed and used by well-regulated railroads.

(3) It does not allege that the cattle guard referred to was insufficient to prevent stock generally from passing over it.

(4) The allegation is confined to the particular mule in question.

Barnett, Bugg & Lee, of Monroeville, and Geo. W. Jones and E. Perry Thomas, both of Montgomery, for appellant.

The Court of Appeals should have stricken assignment No. 9. Section 5364, Code 1907; Gen. Acts 1915, p. 815; 201 Ala. 493, 78 South. 399. The court erred in holding that the trial court properly overruled demurrer to special replication to plea 2. 98 Ala. 409, 12 South. 918; 109 Ala. 196, 19 South. 522; 148 Ala. 27, 41 South. 461; 200 Ala. 530, 76 South. 856; 16 Ala. App. 347, 77 South. 941.

The court cannot consider section 5654, Code 1907, without undertaking to review the ruling of the trial court on the demurrers to plea 2, which are not assigned as error in the record. 54 Ala. 589; 120 Ala. 535, 24 South. 955; 172 Ala. 655, 55 South. 293; 184 Ala. 103, 63 South. 1022.

Hybart, Hare & Ratcliffe, of Monroeville, for appellee.

Section 5654, Code 1907, is unconstitutional. 58 Ala. 594; 100 Ala. 662, 13 South. 602, 27 L. R. A. 263, 46 Am. St. Rep. 92. A bad replication is good enough for a bad plea. 32 Ala. 506; 162 Ala. 424, 50 South. 368; 148 Ala. 17, 41 South. 769.

SAMFORD, J. [1] Plaintiff moves this court for a dismissal of the appeal, because the appellant had not complied with the statute requiring the appellant to file the transcript in the office of the clerk of this court within 60 days after the signing of the bill of exceptions. Recognizing this rule and that the transcript had not been filed in the time prescribed, appellant files a petition to be allowed 10 days' additional time, alleging matter and facts evidencing diligence on its part in perfecting and preparing the transcript, resulting in the delay. The statute (acts 1919, p. 85), while mandatory, is yet flexible, in that for good cause shown the appellate court may extend the time for filing the transcript. No delay in the hearing of the appeal or injury or even inconvenience to the appellee appears. This court therefore exercises its discretion, and for the cause shown grants the petition extending the time for the filing of the transcript, and the motion to dismiss the appeal is overruled.

Appellant also moves the court to strike appellant's assignments of error.

[2, 3] Assignments from 1 to 6, both inclusive, seem to be well within Supreme Court rule No. 1, and as to these assignments of error the motion to strike is overruled. Assignments of error 7, 8, and 9 were based upon the court's refusal to grant a new trial and to an excerpt from the oral charge of the court. Neither of these exceptions are shown by the bill of exceptions, and for that reason the motion to strike assignments of error 7, 8, and 9 is granted. Britton v. State, 15 Ala. App. 584, 74 South. 721; McPherson v. State, 198 Ala. 5, 73 South. 387. We do not understand that the decision of the Supreme Court in the case of Ex parte M. L. & Ry. Co., 201 Ala. 493, 78 South. 399, has the effect of rendering unnecessary exceptions to the court's oral charge, and an exception to the court's oral charge does not become a part of the record until made so by the bill of exceptions.

[4-6] This action is in a single count and claims damages for the negligent killing of plaintiff's mule. The defendant plead, first, the general issue, and, second, a special plea to the effect that the mule was killed by defendant's train upon a portion of defendant's railroad within a fence erected by defendant in conformity to a notice of the Public Service Commission of Alabama. It is evident that the defendant was seeking by this plea to bring himself within the terms of sections 5653 and 5654 of the Code of 1907. To do this it would be necessary to allege notice to the defendant or to the railroad of the conclusion of the Public Service Commission that the railroad should be fenced at this point; that the fence was erected and maintained in conformity to the notice. Otherwise the fence might be erected and immediately removed and still leave the defendant in position to plead the statute. These objections to plea 2 were taken by demurrer, and the demurrer should have been sustained. If the appeal in this case was being taken by the

plaintiff instead of the defendant, this action of the court would entitle the plaintiff to a reversal. But instead plaintiff files a replication confessing and avoiding in which he alleges that the defendant's stock gap or cattle guard, which was a part of defendant's inclosure, was defective and not so constructed as to prevent plaintiff's mule from going into the inclosure. To this replication defendant demurs, because the allegations as to insufficiency are confined to plaintiff's mule, and not to stock generally. There is nothing in the pleadings to show that plaintiff's mule was other than an ordinary mule. If so, this was matter for defense. A railroad company will be liable for injuries to animals due to a failure to construct cattle guards reasonably sufficient to exclude ordinary stock. 33 Cyc. 1200. And the replication is sufficient if it alleges that the injury was due to a failure to maintain a good and sufficient cattle guard, without any more specific reference to the particular defect. 33 Cyc. p. 1266. The matters set up by defendant's demurrers to plaintiff's replication would have been available to him by way of rejoinder, but the demurrer was properly overruled.

[7, 8] The issues in the case as fixed by the pleadings were: First. Was the presence of the mule inside the inclosure the proximate result of a defective stock gap? Second. If the stock gap was not defective so as to let ordinary stock pass, and, notwithstanding this. plaintiff's mule did so pass, was the mule killed willfully? Lucas v. Stonewall Ins. Co., 139 Ala. 487, 36 South. 40; Zadek v. Forcheimer, 16 Ala. App. 347, 77 South. 941. The evidence was in conflict on the issues as made, and hence charge No. 6 (general charge) as requested by the defendant was properly refused. Charges No. 1 and 2, as requested in writing by defendant, were amply and fully covered by the court's oral charge. and the refusal to give them as requested was not error.

[9] The question in this case was not whether the cattle guard was constructed in accordance with the plans adopted as a standard stock gap by well-regulated railroads, but was it constructed in conformity to an order of the Public Service Commission, and was it reasonably sufficient to exclude ordinary stock? 33 Cyc. p. 1200. Charge No. 3 did not correctly state this proposition and was properly refused. Charge No. 4 is argumentative and even as an argument is calculated to confuse and was properly refused.

Charge No. 5 fails to state what kind of a fence was used or that it conformed to the ruling of the Public Service Commission.

The refusal of charge No. 7 was certainly not prejudicial error to defendant. Except that it appears otherwise we might think charge seven was requested by plaintiff.

We find no error in the record and the judgment is affirmed.

Reversed and remanded June 20, 1920, in accordance with the mandate and on the authority of Ex parte Walker D. Hines, Director General v. McMillan, 87 South. 691.