**ANDERSON v. STATE.** (6 Div. 72.)

(Court of Appeals of Alabama. Jan. 16, 1923. Rehearing Denied Feb. 6, 1923.)

1. **Homicide ⬤⇒268—Conflicting evidence made case for jury.**

In a prosecution for murder, where state's witnesses identified defendant as the man who fired the shot that killed the victim, and defendant set up an alibi, a material conflict in the testimony was thus presented, and affirmative charges requested were properly refused.

2. **Criminal law ⬤⇒753(1)—Affirmative charge never given, when evidence tends to make case against requesting party.**

The general charge should never be given, when there is any evidence, however weak and inconclusive it may be, tending to make a case against party asking it.

3. **Criminal law ⬤⇒829(1)—Refusal of charges covered by charges given not error.**

The refusal of charges covered by charges given is not error.

4. **Criminal law ⬤⇒805(1)—Elliptical charge properly refused.**

The refusal of an elliptical charge is not error.

5. **Criminal law ⬤⇒829(1)—Refusal of charge on proposition of law covered by charges given not error.**

Where the proposition of law involved in requested charge was fairly and substantially covered by the oral charge, there was no error in its refusal.

6. **Criminal law ⬤⇒763, 764(24), 789(18), 815 (5) — Refusal of misleading and invasive charge not error.**

In a prosecution for murder, it was not error to refuse a charge that, if there was a single material fact proven which was inconsistent with defendant's guilt, that was sufficient to raise a reasonable doubt, the jury

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

should acquit; such charge being misleading, invasive of the jury's province, and pretermitted a consideration of all the evidence.

**7. Criminal law ⬥1090(13)—Any error in refusal to enter mistrial for misconduct of state's attorney not considered, where matter not shown by bill of exceptions.**

Under Acts 1915, p. 722, the court's refusal to enter a mistrial for alleged misconduct of state's attorney in argument will not be reviewed, where such matter is not shown by bill of exceptions.

**8. Criminal law ⬥778(6)—Instruction on proof of motive held proper.**

In a prosecution for murder, it was not error to instruct that while 'it was competent for the state to offer evidence tending to show what induced defendant's act, yet it was not a part of the burden of proof of the state to prove a motive, but, if it be proven beyond a reasonable doubt that defendant committed the act by the means alleged, it may be inferred that some motive sufficiently prompted him, but such question was not part of the burden of the state to prove, yet it was always competent evidence and legitimate inquiry for the jury to determine therefrom what impelled or induced the offense.

**9. Homicide ⬥254—Evidence supported conviction of murder in the second degree.**

Evidence *held* to support a verdict of guilty of murder in the second degree.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Lonnie Anderson was convicted of murder in the second degree, and he appeals. Affirmed.

Certiorari denied by the Supreme Court in Ex parte Lonnie Anderson, 209 Ala. 489, 96 South. 636.

Charge 8, refused to defendant, reads:

"I charge you, gentlemen of the jury, that, if there is a single material fact proven to the satisfaction of the jury which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit the defendant."

The portion of the court's oral charge, to which exception was taken, is as follows:

"While it is competent for the state to offer evidence tending to show what impelled or induced the accused to do the act, yet it is not a part of the burden of proof that the law places upon the state to prove a motive, but the law says that if it be proven beyond a reasonable doubt that the accused committed the act in question by the means alleged, it may be inferred that some motive sufficiently prompted him to do the act. That is a question that therefore is not a part of the burden placed upon the state to prove; yet it is always competent evidence and always a legitimate inquiry for the jury to look into and determine from the evidence before them what in their judgment impelled or induced the offense to be committed."

Frank S. White & Sons and E. C. Crow, all of Birmingham, for appellant.

Charge 8, requested by defendant, should have been given. Bryan v. State, 18 Ala. App. 199, 89 South. 896; Townsend v. State, 18 Ala. App. 242, 90 South. 59; Smith v. State, 68 Ala. 424; Hurd v. State, 94 Ala. 100, 10 South. 528; Henson v. State, 112 Ala. 41, 21 South. 79. It was error for the trial court to overrule defendant's motion to suspend the trial upon its refusal to exclude from the jury the statement made by the solicitor. Windom v. State, 18 Ala. App. 430, 93 South. 79; Balum v. State, 17 Ala. App. 679, 88 South. 200; Dennison v. State, 17 Ala. App. 674, 88 South. 211.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charge 8 was invasive of the province of the jury, and was properly refused. Walker v. State, 117 Ala. 42, 23 South. 149.

BRICKEN, P. J. From a judgment of conviction for the offense of murder in the second degree, defendant appeals.

The contention of the state was that this defendant killed one John Dawson, alias Dorsey, by shooting him with a pistol; and that the killing was a cruel unprovoked murder. It was contended by state that the deceased, who was absolutely unarmed, was returning, with others, from his work in the mines and was intercepted by the defendant and others, all of whom were strikers; that, notwithstanding the deceased did not say or do anything to the defendant, the defendant approached him and called him "a God damn scab" and said "we are going to win this thing if we have to win it in blood;" whereupon the deceased ran away from the defendant and while so running was shot in the back by the defendant. In order to sustain this contention, the state introduced two eyewitnesses to the whole transaction, members of the party of laborers with deceased at the time of the killing; and the testimony of these witnesses tends to sustain the insistence of the state as above stated. Both of the witnesses positively identify the defendant as being the man who fired the shot that killed Dawson or Dorsey, the deceased named in the indictment.

In refutation of the charge, and of the testimony adduced by the state, the defendant set up an alibi, and by his own testimony and that of several other witnesses said he was not present at the time and place of the fatal shooting of deceased, but was at his home, which was about three-fourths of a mile away at the very time of the shooting.

[1, 2] A material conflict in the testimony is thus presented, and the several affirmative charges requested by defendant were for that reason properly refused. The rule has

been often announced that the general charge should never be given, when there is any evidence, however weak and inconclusive it may be, tending to make a case against the party who asks it.

There were but few exceptions reserved to the rulings of the court upon the testimony. Each of these exceptions have been examined and are free from any error injuriously affecting the substantial rights of the defendant.

Special charges were refused to defendant, and the able counsel representing appellant in this court strenuously insist that the court erred in refusing each of these charges. But we do not so conclude. As before stated, the refusal of the affirmative charge to defendant, under the evidence in this case, was not error. This disposes of refused charges 1, 6, 9, each of which was the affirmative charge.

[3] Refused charges 2, 3, and 5 were fully covered by given charges 19, 20, and 21; hence the refusal of said charges was without error.

[4] Refused charge 4 is elliptical, as it appears in the record, and was thus properly refused.

[5] Refused charge 7 is identical with refused charge 9 in the case of Adams v. State, 133 Ala. 166, 31 South. 851. In that case the majority of the Supreme Court held this exact charge to be faulty in that it is misleading in its tendencies. However, in the instant case, the proposition of law involved in this charge was fairly and substantially covered by the oral charge of the court and by given charges 21 and 22, and for this reason also the refusal of this charge was not error.

[6] Refused charge 8 was misleading and also invasive of the province of the jury; there was no error in its refusal. Ex parte Davis et. al., 184 Ala. 26, 63 South. 1010; Pippin v. State, 197 Ala. 613, 73 South. 340. A further criticism of this particular charge is that it pretermits a consideration of all the evidence in the case. An isolated fact in evidence, even though material, if considered separate and apart from all the evidence in the case, might appear to the jury to be inconsistent with defendant's guilt, but when taken and considered in connection with all the other evidence, the deduction and conclusion therefrom may result very differently, and the reasonable doubt which might arise from this isolated fact may be dissipated, and the consideration by the jury of the entire evidence in the case may leave them without any reasonable doubt whatever as to the guilt of the defendant. A jury must consider all the testimony and base its verdict thereon.

[7] It is contended by appellant's counsel that in the course of his argument to the jury the solicitor stated, "This defendant shot a man just because he was working," and as incident thereto the court in a "curt manner" declined to allow counsel for defendant to discuss the motion made by him (based on the grounds of this alleged improper argument) to suspend the trial and have the jury retire from the courtroom during the discussion, and to enter a mistrial of the cause because of the alleged statement, above quoted, made in argument by the solicitor.

None of these matters are shown by the bill of exceptions, and are therefore not presented in a manner for revision. They appear, however, to be made the basis (among other things) for motion for a new trial. But this motion for a new trial appears in the record proper only, and not in the bill of exception as required by law. Acts 1915, p. 722; Powell v. Folmar, 201 Ala. 271, 78 South. 47; Britton v. State, 15 Ala. App. 584, 74 South. 721; Crawley v. State, 16 Ala. App. 545, 79 South. 804, and cases cited. As will be seen from these authorities and numerous other decisions of this court, and of the Supreme Court, it is essential to the right to review the ruling of the trial court on a motion for new trial, that an exception should be reserved, and that this, with the evidence and the ruling of the trial court on the motion, should be incorporated in the bill of exceptions.

[8] There is no error in the oral charge of the court; the excerpt of the oral charge to which exception was reserved is without error, especially when taken and considered in connection with the whole charge, which, of course, the law requires shall be so taken and considered.

[9] As hereinabove stated, this case presented a question for the jury; the testimony offered, if believed by the jury under the required rule—that is to say, beyond a reasonable doubt—was ample to support the verdict and to sustain the judgment of conviction pronounced thereon.

There is no error in the record; hence the judgment appealed from must be, and is hereby, affirmed.

Affirmed.