(101 So. 310)
### HURN v. STATE.    (8 Div. 172.)*

(Court of Appeals of Alabama. July 22, 1924. Rehearing Denied Aug. 19, 1924.)

**1. Criminal law &#9758;351(3)—Testimony held admissible on question of accused's flight.**

In liquor prosecution, witness' testimony that he did not see accused in community wherein he resided, but that he had seen officers looking for him after commission of crime charged, *held* admissible on question of accused's flight; its probative force being for jury.

**2. Intoxicating liquors &#9758;226—Testimony that state witness had grown sons and daughters held not relevant on any issue.**

In prosecution for attempt to manufacture prohibited liquor, fact that state witness had

---

grown-up sons and daughters *held* not relevant to any issue in case.

**3. Criminal law ⊆⇒419, 420(1) — Testimony held inadmissible, as being hearsay.**

In a prosecution for an attempt to manufacture prohibited liquor, testimony that sons and daughters of state witness had said that the still belonged to a certain party *held* inadmissible, as being purely hearsay.

Appeal from Circuit Court, Lauderdale County; Arthur E. Gamble, Judge.

Jess Hurn, alias Jess Herron, was convicted of an attempt to manufacture prohibited liquor, and he appeals. Affirmed.

Wallace C. Porter, of Florence, for appellant. ·

Evidence as to flight was improperly admitted. Wright v. State, 1 Ala. App. 124, 55 So. 931. Defendant should have been permitted to show that the Barnetts owned the still. Anderson v. State, 18 Ala. App. 585, 93 So. 279.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

It was not error to permit a witness for the state to testify he saw an officer with a warrant for defendant. Johnson v. State, 19 Ala. App. 141, 95 So. 583.

SAMFORD, J. [1] The principal insistence is made that the court erred in allowing Frank Barnett to testify that he did not see the defendant in the community wherein he resided, and that Barnett had seen officers looking for defendant after the commission of the crime charged. This was relevant on the question of flight; its probative force was for the jury.

[2, 3] The fact that Mrs. Barnett, the principal witness for the state, has some boys about grown, or that her daughter, another witness, has two brothers about grown, could not be relevant to any issue in the case and the fact that "they said it [the still] was Barnett's" was purely hearsay and inadmissible.

The other exceptions are not argued, and are without merit. We find no error in the record, and the judgment is affirmed.

Affirmed.