(101 So. 626)

## ALLISON et al. v. FULLER-SMITH & CO. (6 Div. 433.)

(Court of Appeals of Alabama. July 22, 1924. Rehearing Denied Aug. 19, 1924.)

**1. Brokers ⬤⫸6—Function stated; "real estate broker."**

"Real estate broker," strictly speaking, is but middleman, whose office is to bring principals together to negotiate with each other.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Real Estate Broker.]

**2. Pleading ⬤⫸216(3)—Defects not pointed out in demurrer to complaint unavailing.**

Under Code 1907, § 5340, intended to prevent surprise and protect parties from injury by errors in pleadings not made known until time for amendment has passed, defects not pointed out in demurrer to counts of complaint, not subject to grounds of demurrer assigned, are unavailing.

**3. Brokers ⬤⫸11—Action for damages not defeated by principal's revocation of contract, after broker found purchaser.**

Owner's revocation of broker's contract, after latter found purchaser as agreed, cannot defeat recovery of damages for breach in refusing to pay for services.

**4. Brokers ⬤⫸11—Plea of revocation of authority before consummation of sale held bad on demurrers.**

In broker's action for damages for breach of contract to pay for finding purchaser, plea of revocation of authority to sell before consummation of sale, in answer to count of complaint, averring notice of revocation for purpose of depriving plaintiff of right to compensation and subsequent consummation of sale with purchaser found by plaintiff, held bad on demurrers.

**5. Brokers ⬤⫸11 — Broker finding purchaser with whom owners consummated sale may recover damages for refusal to pay for services.**

Broker employed to sell property for price acceptable to owners, and finding purchaser, with whom sale was consummated after owners' effort to withdraw property to defeat recovery of compensation, may recover damages for breach of contract in refusing to pay for services.

**6. Trial ⬤⫸194(2)—Charges requiring finding for defendants under specified counts of complaint erroneous.**

Charges requiring finding for defendants under specified counts of complaint are erroneous.

**7. Trial ⬤⫸237(3)—Charge requiring satisfaction by preponderance of evidence, to find for plaintiff, properly refused as requiring too high degree of proof.**

In broker's action for damages for refusal to pay for services in procuring purchaser of defendants' property, defendants' charge that jury must be satisfied by preponderance of evidence, held properly refused as requiring too high degree of proof.

**8. Trial ⬤⫸191(3)—Charge held properly refused as assuming facts.**

Charge that, to recover damages for refusal to pay for procuring purchaser of property, plaintiff's negotiations with purchaser must have been so complete that nothing remained but to accept property on terms, price, and conditions fixed by defendants, held erroneous as assuming that defendants fixed price and terms of sale.

**9. Trial ⬤⫸253(3) — Charge on necessity of completion of negotiations with purchaser held properly refused as ignoring owners' bad faith in interrupting negotiations.**

Charge that, to recover damages for refusal to pay for finding purchaser of property, broker's negotiations with purchaser must have been so complete that nothing remained but to accept property on terms, price, and conditions fixed by owners, held properly refused as ignoring question of owners' bad faith in interrupting negotiations.

**10. Trial ⬤⫸191(3)—Charge held erroneous as assuming facts.**

Charge that broker could not recover damages for refusal to pay for services, unless successful in procuring satisfactory purchaser, able, ready, and willing to buy on terms fixed by owners, held properly refused as assuming that owners fixed price and terms of sale.

**11. Trial ⬤⫸191(3), 240—Charge held erroneous as argumentative and assuming fact.**

Charge that broker failing to exact price and conditions of sale fixed by employers, but inducing purchaser to believe that property can be bought for less, fails to discharge duty to employers, and that such conduct is calculated to lead purchaser to delay sale, held properly refused as argumentative and invading jury's province, in assuming that employer fixed price.

**12. Brokers ⬤⫸11—Broker's testimony as to time in finding purchaser, dealings with latter, conversation with one of principals about property, etc., held admissible.**

In broker's action for refusal to pay for procuring purchaser, plaintiff asserting that defendants had withdrawn property from market to defeat right to commission, and defendants contending that plaintiff dealt in bad faith in not informing them of purchaser, and that contract was made with one of them alone, plaintiff's testimony as to how long he had been trying to find purchaser, his dealings with latter, conversations about sale, efforts to find other purchasers, conversation with other defendant about property and its price, and whether latter approached plaintiff about sale, was pertinent.

**13. Evidence ⬤⫸471(30)—Statement that witness took sale of property out of broker's hands held mere conclusion.**

In broker's action for refusal to pay for finding purchaser, with whom defendants consummated sale after withdrawing property from market, defendant's statement that he took it out of plaintiff's hands held properly excluded as mere conclusion.

⬤⫸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**14. Appeal and error ⬅⟜1058(2)—Exclusion of testimony as to matter concerning which witness testified fully not error.**

In broker's action for refusal to pay for finding purchaser, with whom defendants consummated sale after withdrawing property from market, exclusion of defendant's statement that he took it out of plaintiff's hands *held* not error, where he testified fully as to what took place between him and plaintiff in respect thereto.

**15. Appeal and error ⬅⟜304 — Assignments predicated on motion for new trial, on which no ruling is shown, without merit.**

Assignments of error predicated on motion for new trial, on which no ruling is shown, are without merit, under Code 1907, § 2846, as amended by Acts 1915, p. 722.

Appeal from Circuit Court, Cullman County; James E. Horton, Jr., Judge.

Action by Fuller-Smith & Co. against W. E. and Joe Allison. Judgment for plaintiff, and defendants appeal. Affirmed.

Certiorari denied by Supreme Court in Ex parte Allison, 211 Ala. 616, 101 So. 629.

Count 3 of the complaint is as follows:

"Plaintiff claims of the defendants $800 as damages for the breach of an agreement entered into by them with the plaintiff on, to wit, about the 25th day of March, 1923, by which the defendants employed the plaintiff as a real estate broker to procure for them a purchaser for certain real estate located on First avenue west in the city of Cullman between Third and Fourth streets, known as the Allison property, the said defendants agreeing to pay plaintiff a compensation of 5 per cent. on the selling price accepted by the defendants, and plaintiff avers that it procured for said defendants a purchaser who was ready, able, and willing to purchase said property, and who did purchase said property at the price of, to wit, $16,000. Said agreement had been breached in this: The said defendants have failed or refused to pay plaintiff for its services in procuring said purchaser as aforesaid."

The fourth count contains the averment that:

"Said defendants, with the purpose and intent of depriving the plaintiff of its right to compensation for said services, notified the plaintiff that said property had been taken off of the market, and thereafter consummated said sale with the purchaser so found by the plaintiff; the defendants have failed to pay the said compensation."

Defendants' plea 2 is as follows:

"That before the consummation of the sale of said real estate the defendants revoked the authority of said plaintiff to sell said real estate for them, and therefore they are not liable to said plaintiff for said commission."

Charge 1, given at plaintiff's request, is as follows:

"If you are reasonably satisfied from the evidence that defendants employed the plaintiff to sell the property for a price acceptable to defendants, and plaintiffs found such purchaser, and the sale was consummated with the purchaser so found by plaintiff, and the defendants' effort to withdraw the property was not in good faith; but was to defeat the plaintiff of the agreed commission, then you should find for plaintiff."

Charges refused to the defendants are as follows:

"(3) I charge you, gentlemen of the jury, that before the plaintiff is entitled to recover in this case you must be satisfied by a preponderance of the evidence that the plaintiff's negotiations with Lee were so complete that nothing remained to be done but acceptance of said property on the terms, price, and conditions of sale fixed by the Allisons, to said plaintiff on said property by said Lee."

"(7) I charge you, gentlemen of the jury, that the plaintiff is not entitled to recover in this case unless it was successful in procuring a satisfactory purchaser for the drug store property of the defendants, which purchaser was able, ready, and willing to buy the property on the terms fixed by the Allisons, and, if you find from the evidence that any purchaser found by it was not willing to pay the price fixed by the Allisons with the plaintiff for said property, then it is your duty to find favor of the defendants."

"(8) I charge you, gentlemen of the jury, that the Allisons had the right, at any time before sale of the property to Lee, to revoke the plaintiff's authority to sell such property to said Lee."

"(8) I charge you, gentlemen of the jury, that the law requires that a real estate agent, employed to sell land, must act in entire good faith and in the interest of his employer. To this end he must exact from the purchaser the price and conditions of sale which his employer has fixed. If he fails to do this, but induces the prospective purchaser to believe that the property can be bought for less, he fails to discharge that duty for his principal that good faith demands. Such conduct on the broker's part is well calculated to lead the purchaser to stand out and delay the sale, even if he finally buys at the price fixed, both detrimental to the interest of the seller."

W. E. James, of Cullman, and James J. Mayfield, of Montgomery, for appellants.

Demurrer to counts 3 and 4 should have been sustained. Jonas v. King, 81 Ala. 285, 1 So. 591; Henderson v. Vincent, 84 Ala. 99, 4 So. 180; Millican v. Livingston, 207 Ala. 689, 93 So. 620; Cook v. Forst, 116 Ala. 395, 22 So. 540. Plea 2 was not subject to demurrer. Chambers v. Seay, 73 Ala. 372; Alford v. Creagh, 7 Ala. App. 358, 62 So. 254. It was error to give charge 1 for plaintiff. Johnson v. Colvin, 186 Ala. 538, 65 So. 328; Moon v. Benton, 13 Ala. App. 473, 68 So. 589; Kellar v. Jones, 196 Ala. 417, 72 So. 89; W. U. Tel. Co. v. Hawkins, 14 Ala. App. 295, 70 So. 12; Clinton Min. Co. v. Bradford, 192 Ala. 576, 69 So. 4. Charges 3, 7, 8, should have been given for defendants. Millican v. Livingston, supra; Cook v. Forst, supra; Handley v. Shaffer, 177 Ala. 636, 59 So. 286; Chambers v. Seay, supra; Alford v. Creagh, supra. It was error to

⬅⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

permit the, witness Smith to testify as to how long he had been trying to sell the property, and as to a conversation between witness and Lee. Magee v. Billingsley, 3 Ala. 679; Moore v. N., C. & St. L., 137 Ala. 495, 34 So. 617; White Trunk Co. v. Brantley, 16 Ala. App. 37, 75 So. 182; Curjel & Co. v. Hallett Mfg. Co., 198 Ala. 609, 73 So. 938. The statement by defendant W. E. Allison that he took the matter out of plaintiff's hands should not have been excluded. Elliott v. Stocks, 67 Ala. 290; Cofer v. Scroggins, 98 Ala. 342, 13 So. 115, 39 Am. St. Rep. 54; Birmingham Bot. Co. v. Morris, 193 Ala. 627, 69 So. 85.

Brown & Griffith, of Cullman, for appellee.

The contract declared on constituted plaintiff a broker. Handley v. Shaffer, 177 Ala. 653, 59 So. 286. A defect in the complaint not pointed out by demurrer cannot be considered. Code 1907, § 5340; Henley v. Bush, 33 Ala. 642; Morris v. Beall, 85 Ala. 598, 5 So. 252; Baker v. Boon, 100 Ala. 624, 13 So. 481; W. U. Tel. Co. v. Cunningham, 99 Ala. 314, 14 So. 579; Cook v. Rome Brick Co., 98 Ala. 409, 12 So. 918; Ala. Power Co. v. Holmes, 16 Ala. App. 633, 80 So. 736; Deslandes v. Scales, 187 Ala. 25, 65 So. 393; B. R., L. & P. Co. v. Hatton, 187 Ala. 573, 65 So. 934. The complaint was not subject to demurrer. Stout v. Thornhill, 16 Ala. App. 480, 79 So. 154; Dancy v. Baker, 206 Ala. 236, 89 So. 590; Erswell v. Ford, 208 Ala. 101, 94 So. 67; Code 1907, § 5328. Demurrer to plea 2 was properly sustained. Dancy v. Baker, supra. Charge 1, given for plaintiff, was a correct statement of law. Stout v. Thornhill, supra. Charges directing a finding for the defendant are bad. Bessemer Liquor Co. v. Tillman, 139 Ala. 462, 36 So. 40; Dorsey v. State, 134 Ala. 553, 33 So. 350; Goldstein v. Leake, 138 Ala. 573, 36 So. 458.

BRICKEN, P. J. The contract upon which plaintiff sues, as declared in counts 3 and 4, is one of brokerage only.

[1] A real estate broker, strictly speaking, is but a middleman, whose office it is to bring the principals together, with the understanding that they are to negotiate with each other, and trade upon such terms as may be mutually satisfactory. Handley et al. v. Schaffer, 177 Ala. 636, 59 So. 286; Stout v. Thornhill, 16 Ala. App. 480, 79 So. 154.

[2] If it should be conceded that counts 3 and 4 are defective for failing to aver "a performance of the contract by plaintiff pursuant to or in accordance with its terms or some equivalent thereto," such as, "that the purchaser procured was accepted by the defendant," such defect is unavailing to appellant, for the reason that the demurrer interposed to these counts did not point out this defect and the counts were not subject to the grounds of demurrer assigned thereto, which were properly overruled. Code 1907, § 5340; Alabama Power Co. v. Holmes, 16 Ala. App. 633, 80 So. 736.

We have in the Code not only an abolition of general demurrers and a substitute of special demurrers, but we have in addition *an express prohibition of the making or allowing of any objection not stated in the demurrer.* (Italics ours.)

The object of the Legislature was to prevent surprise and to protect parties from injury in consequence of errors in pleading not made known until the time for amendment had passed. Henley v. Bush, 33 Ala. 642; Chewning v. Knight, 16 Ala. App. 357, 77 So. 967; Denson v. Caddell, 201 Ala. 194, 77 So. 720.

[3] For all that appears from the averments of the defendant's special plea 2, to which demurrers were sustained, the revocation sought to be set up as a defense to plaintiff's action was after the plaintiff had performed its contract and found a purchaser. If this was true, the revocation could not defeat plaintiff's action for—

"courts are not disposed to allow brokers undertaking in process of accomplishment to be defeated by any fraud or inequitable conduct on the part of the principal, whereby the principal would profit by the broker's services, and at the same time evade a just liability to make due compensation." Dancey v. Baker, 206 Ala. 238, 89 So. 590.

[4] Moreover, this plea undertook to answer count 4 as well as count 3, and count 4 contained the averment:

"And said defendants, for the purpose and intent of depriving the plaintiff of its right to compensation for said services, notified the plaintiff that said property had been taken off the market, and thereafter consummated said sale with the purchaser so found by the plaintiff."

The demurrers were properly sustained to this plea.

[5] If the plaintiff found the purchaser for the property of the defendants at all, under the evidence, there can be no question but that the finding of such purchaser was in pursuance of the contract between the parties and on the principles declared in Dancey v. Baker, 209 Ala. 684, 89 So. 590; Stout v. Thornhill, 16 Ala. App. 480, 79 So. 154; Handley et al. v. Schaffer, supra. Charge 1 given as requested by the plaintiff was free from error.

[6] Charges 1, 2, 4, 5, and 6 require a finding "for the defendants," under specified counts of the complaint. Charges in this form have been repeatedly condemned. Bessemer Liquor Co. v. Tillman, 139 Ala. 462, 36 So. 40; Dorsey v. State, 134 Ala. 553, 33 So. 350; Goldstein v. Leake, 138 Ala. 573, 36 So. 458.

The case, on the evidence, was properly submitted to the jury, and the affirmative charge was refused without error.

[7-9] Charge 3 refused to the defendants required that the jury "*must be satisfied by a preponderance of the evidence.*" This charge requires too high degree of proof. Southern Railway Co. v. Riddle, 126 Ala. 244, 28 So. 422; Moore v. Heineke, 119 Ala. 627, 24 So. 374; Torrey v. Burney, 113 Ala. 496, 21 So. 348. It was bad for the further reason that it assumed that defendants fixed a price and terms of sale; on this question the evidence was in dispute. It also ignores question of bad faith on part of defendants in interrupting the negotiations between defendants and Lee. Dancey v. Baker, supra.

[10] Charge 7 assumes that defendants fixed a price and terms of sale, and was properly refused. The defendants could not revoke the authority of the broker, and avoid liability after services under the contract had been performed. Charge 8 was therefore properly refused.

[11] Second charge 8 was well refused for the reason that it is argumentative, and invasive of the province of the jury; it assumes that the defendants fixed a price. On this question the evidence was in dispute.

[12] One of the contentions of the defendants was that the contract was not made with the defendants, but was made with W. E. Allison alone, hence one of the issues is whether or not there was a contract as averred in the complaint. Another contention made by the appellants was that the plaintiff had dealt in bad faith in not informing them of the purchaser, while the plaintiff asserted that the defendants in bad faith undertook to withdraw the property from the market, solely for the purpose of defeating plaintiff's right to the commission under the contract. In view of these issues, the evidence brought out during the examination of the witness Smith at to what length of time he had been making an effort to find the purchaser, his dealings with Lee and conversations about the sale of the property, and his efforts to find a purchaser in other persons, and his conversation with Joe Allison about the property, the price thereof, and whether or not Allison approached Smith about the sale of the property, was pertinent evidence. Dancey v. Baker, supra.

[13, 14] The statement of witness Allison, excluded by the court on motion of the plaintiff, "that he took it out of plaintiff's hands," was purely a conclusion of the witness. Moreover, the witness testified fully as to what took place between him and Smith in respect thereto.

[15] No ruling on the motion for new trial is shown, and for this reason the assignments of error predicated on the motion for a new trial are without merit. Code 1907, § 2846, as amended by Acts 1915, p. 722; Britton v. State, 15 Ala. App. 584, 74 So. 721; Hines v. McMillan, 17 Ala. App. 509, 87 So. 696; Elliot v. Davis, 16 Ala. App. 647, 81 So. 139.

There is no error in the record.

Affirmed.