(136 So. 847)

## FELDER v. STATE.
### 3 Div. 701.

Court of Appeals of Alabama.
June 30, 1931.

Rehearing Denied Aug. 4, 1931.

John A. Sankey, of Montgomery, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

The first count of the indictment charged this appellant with the offense of burglary of a railroad car in which merchandise or cigarettes, valuable things, were kept for use, deposit, or transportation as freight.

The second count charged grand larceny, the alleged stolen property consisting of twenty-seven cases of cigarettes of the value of $1,750, etc.

The third count charged appellant with buying, receiving, concealing stolen property, twenty-seven cases of cigarettes, etc., knowing it to be stolen and not having the intent to restore it to the owner.

No objection was interposed to the indictment by demurrer or otherwise. The defendant interposed a plea of not guilty. He was convicted by a general verdict of guilty as charged in the indictment and was duly sentenced to an indeterminate term of imprisonment in the penitentiary. From the judgment of conviction he appealed to this court.

The evidence disclosed that a certain railroad car had been burglarized and that twenty-seven cases of cigarettes had been stolen therefrom. The corpus delicti was thus proven, and there was some evidence tending to connect this appellant with being in the recent possession of said' stolen property. The defendant strenuously denied that he had anything to do with the commission of the crime, or that he ever at any time had possession of the stolen property, and offered testimony of other witnesses tending to corroborate him.

The case is rested here on appeal upon the refusal of certain special written charges re-

quested by defendant; and upon four exceptions reserved to the court's rulings upon the admission of evidence.

The question of the sufficiency of the evidence to support the conviction of appellant is not presented, as the general affirmative charge was not requested; nor is the purported motion for a new trial presented to this court in a manner authorizing us to consider it. Section 6088 of the Code 1923, provides: "Whenever a motion for a new trial shall be granted or refused by the circuit court or probate court, in any civil or criminal case at law, either party in a civil case, or the defendant in a criminal case may except to the decision of the court and shall reduce to writing the substance of the evidence in the case, and also the decision of the court on the motion and the evidence taken in support of the motion and the decision of the court shall be included in the bill of exceptions."

Under the provisions of this section, ruling of the court on motion for new trial is not reviewable on appeal where the bill of exceptions does not show an exception was reserved to such ruling. In this case no mention is made of the motion in the bill of exceptions. The fact that a motion for new trial is incorporated in the record proper only will not suffice. Section 6088, supra, and cases cited in volume 3, Shepard's Alabama Citations, under said section, on page 445.

The exceptions reserved to the court's rulings on the admission of evidence are without merit. In these rulings no prejudicial error appears.

Refused charge 5 was fairly and substantially covered by the court's oral charge and by given charge 2.

Refused charge 6 is not the law. It was properly refused. This charge does not state the correct measure of proof in a criminal case.

No other questions are presented. There being no error in any of the rulings of the court, the judgment of conviction appealed from is affirmed.

Affirmed.

### On Rehearing.

Counsel for appellant is mistaken in insisting that the act approved September 18, 1915 (Acts 1915, p. 598), now section 9459 of the Code 1923, applies to motions for a new trial. Innumerable decisions of the appellate courts of this state, with which it is evident that counsel for appellant is not familiar, hold directly to the contrary. Mere reference to some of these decisions is deemed sufficient answer to the application for rehearing filed in this case. Britton v. State, 15 Ala. App. 584, 74 So. 721; King v. State, 16 Ala. App. 103 (8 head note), 75 So. 692; Ross v. State, 16 Ala. App. 393 (1 head note), 78 So. 309; Foster v. State, 16 Ala. App. 458 (6 head note), 78 So. 721; Crawley v. State, 16 Ala. App. 545 (9 head note), 79 So. 804; Elliott's Case, 16 Ala. App. 647, 81 So. 139; Powell v. Folmar, 201 Ala. 271, 78 So. 47; Hines' Case, 17 Ala. App. 509, 87 So. 696; Holcomb v. State, 19 Ala. App. 24, 94 So. 917; Ex parte Holcomb, 208 Ala. 698, 94 So. 921; Anderson v. State, 19 Ala. App. 120, 96 So. 634; Id., 209 Ala. 489, 96 So. 636; Motes v. State, 20 Ala. App. 196, 101 So. 286; Allison's Case, 20 Ala. App. 216, 101 So. 626; Id., 211 Ala. 616, 101 So. 629; Green v. State, 21 Ala. 201, 106 So. 683; King v. Scott, 217 Ala. 511, 116 So. 681.

The original opinion in this case properly states the law.

Application for rehearing overruled.