59 So.2d 618

**McGEE v. STATE.**

**6 Div. 451.**

Court of Appeals of Alabama.

June 10, 1952.

Harwood & Parsons, Fairfield, for appellant.

480

Si Garrett, Atty. Gen., L. E. Barton, Asst. Atty. Gen., and Chas. C. Carlton, Montgomery, of counsel, for the State.

HARWOOD, Judge.

This appellant was charged with carnally knowing, or abusing in the attempt to carnally know a girl under the age of twelve years.

The jury returned a verdict finding the appellant guilty of "assault with intent to carnally know Loretta Hinton as charged in the indictment."

The offended girl was nine years of age. She testified that while she was alone in her home the appellant came into the house, ostensibly for the purpose of delivering ice. She further testified as to sexual abuse of her by the appellant.

The next day she made complaints to her parents who examined her body. Her mother then took her to a doctor for further examination.

Dr. L. S. Demby testified as to injuries to the girl's vagina and surrounding area, and stated that in his opinion such injuries resulted from an "attempt of entrance."

Other evidence was presented by the State, the tendency of which was to further incriminate the appellant. We see no need to set this evidence out, since the testimony of the girl and the medical witness was in itself sufficient to support the verdict rendered, if believed by the jury under the required rule.

The appellant testifying as a witness in his own behalf denied that he at any time molested the girl in any manner.

Other witnesses were presented by the defense. Their testimony was directed toward corroborating the appellant.

This contradiction of course merely presented a question of fact solely within the province of the jury to resolve. Clearly the lower court in view of the State's evidence, properly denied appellant's request for the affirmative charge.

During the direct examination of the prosecutrix she was asked "what did he do."

The witness replied: "He came in the front room and throwed me down and raped me."

On motion of appellant's counsel this answer was excluded.

Appellant's counsel then moved for a mistrial. The court overruled the motion, and instructed the jury that the statement by the witness that she was raped was a conclusion; that this question was to be determined by the jury after hearing all the evidence. The court then instructed the witness to tell just what appellant did.

The court then asked the witness to tell what appellant did after he threw her down. The witness again replied "He raped me," and again the statement was excluded, and the jury instructed not to consider it. Thereafter the court overruled appellant's renewed motion for a mistrial.

We do not think reversal should result from these instances. The answers volunteered by the witness were not called for by the questions asked, which were proper in form. The court took prompt action to eradicate their influence. Further, the court in its oral charge submitted the case to the jury only on the lesser offenses

included in the indictment, and removed from the jury consideration of the offense of carnal knowledge. This action by the court rendered even more speculative any probable injury to appellant's substantial rights.

· In writing to a similar point in Moseley v. State, 19 Ala.App. 335, 97 So. 247, 248, the late Judge Bricken, as Presiding Judge of this court, wrote: "If we did not so conclude, it would establish a precedent by which any interested adroit witness could volunteer some similar objectionable statement and thereby stop the trial and defeat the progress of any case."

Appellant's requested written charge No. 18 was properly refused inasmuch as it is not predicated on belief from the evidence, it is argumentative, and is otherwise faulty. In addition the court in its oral charge adequately instructed the jury as to reasonable doubt, and further gave some nineteen or twenty requested charges pertaining to reasonable doubt. All in all the matter was fully presented to the jury.

Charge 24, was properly refused under the authority of Ex parte Davis, 184 Ala. 26, 63 So. 1010; Moss v. State, 190 Ala. 14, 67 So. 431; Arnold v. State, 18 Ala.App. 453, 93 So. 83; Anderson v. State, 19 Ala.App. 120, 96 So. 634.

Affirmed.